**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-03016-MSK-NYW

DAVID JOSHUA BARTCH,

      Plaintiff,

    v.

MACKIE A. BARCH, ET AL.

      Defendants.

---

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

---

    Defendants Mackie A. Barch ("Mackie") and Trellis Holdings Maryland, Inc. ("Trellis") (collectively, "defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), hereby submit this Memorandum of Law in Support of their Motion for Protective Order and state as follows.

**INTRODUCTION**

    On January 25, 2019, defendants filed a motion to stay proceedings, *including discovery*, pending the Court's decision on defendants' Rule 12 motion to dismiss for lack of personal jurisdiction and improper venue. The motion to stay established that a stay of discovery was warranted on a number of grounds, one of them being to avoid the needless expenditure of judicial resources that would result if the case proceeded and the motion to dismiss would ultimately be granted. Notwithstanding the pendency of the motions to dismiss and for stay, plaintiff served

defendants with discovery requests on April 19, 2019, thereby triggering the present motion for a protective order.

## RELEVANT FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff David Joshua Bartch ("plaintiff") has worked in the legal cannabis industry since 2009 when he founded Doctors Orders, LLC in Colorado. *See* Complaint, ECF No.1, ¶¶ 8, 13. In 2015, after learning that Maryland had adopted legislation to license medical marijuana and had established a Medical Cannabis Commission to issue licenses, plaintiff sought to expand his business into Maryland. *Id.* ¶ 15. In connection with this effort, plaintiff met defendant Barch, the sole owner of Trellis, a Maryland corporation, and hired him "to work fulltime to spearhead the expansion of Doctors Orders medical marijuana business into Maryland" and obtain "a license from the Maryland Commission." *Id.* ¶¶ 16, 18.

In June 2015, plaintiff hired a Maryland law firm to form Doctor's Orders Maryland LLC ("DOMD"), a Maryland limited liability company. *Id.* ¶¶ 19, 21. On or about July 6, 2015, plaintiff formed another Maryland company, DO Maryland OP, LLC, to serve as an investment vehicle through which plaintiff would own his interest in DOMD. *Id.* ¶¶ 22-23. In November 2014, plaintiff entered into a two-year deferred judgment for misdemeanor drug possession. *Id.* ¶ 30. Because plaintiff's drug conviction jeopardized the likelihood of success in obtaining the license from the Maryland Cannabis Commission, he heeded the advice of counsel and surrendered his ownership interest in DOMD in November 2015. *Id.* ¶¶ 30-31; ¶ 33 (plaintiff is "not on paper as a DOMD owner in November 2015"). That action terminated plaintiff's ownership interest in any Maryland entity and he never regained an interest.

DOMD eventually received final licensing approval from the Maryland Commission and became fully operational in 2018. *Id.* ¶ 53. Plaintiff then requested Mackie to have Trellis, Mackie's investment vehicle, transfer 50% of its Class A Member interests in DOMD to plaintiff. *Id.* ¶ 54. Mackie declined to do so, *id.* ¶ 56, and plaintiff initiated this lawsuit on November 23, 2019. ECF No. 1. Underlying plaintiff's entire Complaint is the contention that he is entitled to an interest in DOMD, and the purported "basis" for this contention is a non-binding, one-page, partially executed letter dated January 23, 2017, in which some, but not all, of the corporate members express a future "desire to amend the operating agreement" to the benefit of plaintiff. *See* ECF No. 1 ¶ 39 and Ex. A thereto.

On December 21, 2018, defendants filed a motion to dismiss for lack of jurisdiction and for improper venue ("Motion to Dismiss"). ECF No. 10.  If granted, the Motion to Dismiss would dispose of this action in its entirety.  *See id.*  Plaintiff filed an opposition to the Motion to Dismiss on January 18, 2019, ECF No. 16, and defendants filed their Reply in support of the Motion to Dismiss on February 1, 2019.  ECF No. 31.

On January 25, 2019, defendants moved to stay these proceedings, including discovery, pending a ruling on the Motion to Dismiss ("Motion to Stay").  ECF No. 26.  In the Motion to Stay, defendants observed that this Court determines whether to stay discovery by considering the five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, Case No. 02-CV-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006): (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5)

the public interest in either staying or proceeding with discovery. *Id.* at *2.  The Motion to Stay further demonstrates that each of these factors weighs in favor of staying this case until after the resolution of the threshold jurisdictional issues raised in the Motion to Dismiss.  *See generally* ECF No. 26.  Plaintiff opposed the Motion to Stay on February 15, 2019, ECF No. 39, but conceded therein that the *Cheese String* factors governed the issue of whether the requested stay of discovery was warranted.  Defendants filed their Reply in support of their Motion to Stay on March 1, 2019. ECF No. 40.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides that the Court, for "good cause" shown, may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and the order may include "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." The "good cause" standard in Rule 26(c) "is highly flexible," *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008), and involves balancing the requesting party's need for information against the hardship to the other party.  *See Landco Equity Partners, LLC v. City of Colo. Springs*, 259 F.R.D. 510, 512 (D. Colo. 2009).  The decision to issue a protective order rests within the sound discretion of the Court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)).

## ARGUMENT

### I.   "Good Cause" Exists for A Protective Order to Stay Discovery.

When exercising its discretion in evaluating "good cause" for a protective order to stay discovery under Fed. R. Civ. P. 26(c), this Court considers the same five *Cheese String* factors it considers when evaluating a motion to stay discovery.  *BPS v. Bd. of Trustees for Colorado Sch.*

*for Deaf & Blind*, No. 12-CV-02664-RM-KLM, 2013 WL 5381819, at *1–2 (D. Colo. Sept. 26, 2013) (quoting *String Cheese*).  *See also www.Turnstiles.us, Inc. v. Modular Sec. Sys., Inc.*, 15-CV-01806-RM-MEH, 2015 WL 8759737, at *1–2 (D. Colo. Dec. 15, 2015).  This Court has routinely applied the *String Cheese* factors to conclude that a protective order to stay discovery is appropriate pending resolution of a dispositive motion. *See Antelope v. United States*, CIV.A08CV00649LTBMEH, 2009 WL 189952 (D. Colo. Jan. 27, 2009), 2009 WL 189952 (D. Colo. Jan. 27, 2009); *BPS*, 2013 WL 5381819 (D. Colo. Sept. 26, 2013); *String Cheese*, 2006 WL 894955 (D. Colo. Mar. 30, 2006).

That is all the defendants seek here; that is, discovery should be put on "hold" until the Court determines the threshold question of whether this case is properly in this Court.  Defendants promptly moved for a stay of discovery and here reiterate their argument in that motion that staying discovery is the sensible and efficient way to proceed.

## II.   Plaintiff's Document Requests Are Notable for Their Unreasonable Breadth and Scope.

An additional "good cause" for a protective order is the unreasonable scope of plaintiffs' document requests.  Defendants should not be so burdened when this case may well not remain here.

For example, <u>not one</u> of the Document Requests (Ex. 1 attached hereto) is limited to a specific time duration, despite the fact that plaintiff's own allegations make clear that all relevant events in this case took place after 2014, and that plaintiff did not even meet defendants until 2015. *See generally* ECF No. 1; Ex. A.  For defendants to attempt to respond to such open-ended requests would require them to wade through voluminous documents and electronic communications that have no relevance to this case – a burdensome and expensive undertaking that is <u>not</u> required by

the Federal Rules of Civil Procedure. *See e.g. Richards v. Convergys Corp.*, 2:05-CV-00790DAK, 2007 WL 474012, at *5 (D. Utah Feb. 7, 2007) ("The court agrees with Richards that Convergys is not entitled to an open-ended request for Richards' employment records. The court encourages the parties to agree on an appropriate time limit for the discovery requests.").

Additionally, many of the Document Requests are improper because they are not sufficiently limited in subject matter. For instance, Requests 1-5, 7 and 8, seek "all communications" between defendants and various persons "relating to Plaintiff, DOMD, DOMDOP, Trellis or any Doctors Order-affiliated entity." But not "all communications" relating to such persons/entities are relevant to the allegations in this case, and it would clearly be burdensome and expensive for defendants to search for and produce every such communication. *See Frappied v. Affinity Gaming Black Hawk, LLC*, 2018 Wage & Hour Cas. 2d (BNA) 140634 (D. Colo. Apr. 20, 2018) ("The subpoenas and releases directed at Plaintiffs' post–Casino work seek the entirety of any existing employment files, and thus these discovery requests are overly broad on their face. Defendant does not articulate how generic, undefined 'correspondence' between Plaintiffs and their subsequent employers is relevant . . ."). Similarly, Requests Nos. 13 and 14 threaten to impose an undue burden and expense on defendants because they seek documents showing Trellis' "corporate governance practices and operations" as well as its "finances," respectively, but fail to show how these sensitive documents relate to any of the claims in this matter. *See Rezaq*, 264 F.R.D. at 656 ("[W]hen a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.").

In sum, the considerable "hardship" that the Discovery Requests would impose on defendants far outweighs any purported "need" for the requested information, and therefore, "good cause" exists under Fed. R. Civ. P. 26(c) for entering an order protecting defendants from having to respond to the Discovery Requests.

## **CONCLUSION**

For the reasons stated, defendants' motion for a protective order should be granted. A proposed Order is submitted herewith.

Dated this 1st day of May, 2019.

Respectfully submitted,

s/Stephen E. Csajaghy
Stephen E. Csajaghy
Condit Csajaghy LLC
695 S. Colorado Blvd., Suite 270
Denver, CO 80246
Tel: 720-287-6602
Fax: 720-287-6605
steve@cclawcolorado.com

s/Ari S. Casper
Ari S. Casper
The Casper Firm, LLC
400 East Pratt St., Suite 903
Baltimore, MD 21202
Tel: 410-989-5097
Fax: 410-630-7776
acasper@casperfirm.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2019, the foregoing Defendants' Memorandum in Support of Motion For Protective Order were filed via the Court's CM/ECF system, which will send notification of such filing to the following:

James E. Nesland
Law Offices of James E. Nesland
4252 E. Caley Avenue
Aurora, Colorado 80016
Attorney for Plaintiff

Paul H. Schwartz
Jonathan A. Helfgott
Shoemaker Ghiselli + Schwartz LLC
1811 Pearl Street
Boulder, Colorado 80302
Attorney for Plaintiff

_s/ Trish Schart_
Trish Schart