# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03016-MSK-NYW

DAVID JOSHUA BARTCH,

    Plaintiff,

v.

MACKIE A. BARCH, and
TRELLIS HOLDINGS, MARYLAND, Inc.,

    Defendants.

## ORDER DENYING MOTION TO COMPEL

Magistrate Judge Nina Y. Wang

This case comes before the court on Defendants Mackie A. Barch and Trellis Holdings Maryland, Inc.'s ("Defendant Barch" or "M.A. Barch"[1] and "Trellis Holdings" individually; "Defendants" collectively) Motion to Compel Answers to Interrogatories ("Motion to Compel"), [#59, filed August 22, 2019], pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated January 25, 2019, [#24], and the Memorandum dated August 22, 2019, [#60]. The Parties appeared before the undersigned Magistrate Judge on August 16, 2019 to discuss Defendants' Second Set of Interrogatories Nos. 1-4 and, given the nature of the dispute, the court set a briefing schedule for it. [#53]. Defendants filed this instant Motion to Compel on August 22, 2019; Plaintiff responded on August 29, 2019, [#61]; and the matter is ripe for determination. Having reviewed the Parties' briefing and the applicable case law, this court respectfully **DENIES** the Motion to Compel.

---

[1] The court adopts this slightly stilted appellation because the individuals in this suit have remarkably similar surnames.

## BACKGROUND

The factual background of this case, taken as true from the operative pleading, has been discussed in detail in the presiding judge's Opinion and Order Denying the Motion to Dismiss and Stay, [#47], and therefore will only be discussed as it relates to the instant dispute. Plaintiff David Joshua Bartch ("Plaintiff" or "Mr. Bartch") is a member of Doctors Orders, LLC, a licensed cannabis provider in Colorado since 2009. [#1 at ¶ 13]. In June 2015, he formed Doctor's Orders Maryland LLC ("Doctor's Orders Maryland"), a Maryland limited liability company, to expand into the cannabis industry in Maryland. [*Id.* at ¶¶ 1, 19]. He also formed DO Maryland OP LLC ("DO Maryland OP"), a Maryland limited liability company, to hold his 70% interest in Doctor's Orders Maryland. [*Id.* at ¶¶ 22-24]. Mr. Bartch hired M.A. Barch to assist in the expansion. [*Id.* at ¶ 16].

Given a deferred judgment arising from criminal misdemeanor charges against him, Mr. Bartch withdrew from DO Maryland OP. [*Id.* at ¶ 30]. Mr. Bartch and M.A. Barch, along with two other non-parties, agreed that DO Maryland OP would hold its Class A interest in Doctors Orders Maryland for Plaintiff's benefit, and the two non-parties became the sole members of DO Maryland OP. [*Id.* at ¶¶ 30-31]. Subsequently, Mr. Bartch and M.A. Barch signed a memorandum providing that, upon final licensing of Doctor's Orders Maryland, the Class A interest of Doctor's Orders Maryland would be reallocated between Mr. Bartch (26.875%), M.A. Barch (26.875%), and the two nonparties (6.25%). [*Id.* at ¶ 39; #1-1]. But the Class A interest was then transferred out of DO Maryland OP to Defendant Trellis Holdings, [#1 at ¶ 41], and upon final licensing of Doctors Orders Maryland, Defendants refused to allocate any Class A interest to Mr. Bartch, despite the prior agreement between Mr. Bartch and M.A. Barch. [*Id.* at ¶¶ 53-54]. This action ensued, with Plaintiff asserting seven claims for relief: (1) declaratory relief with respect to the

agreement regarding the allocation of the Class A shares; (2) civil theft; (3) conversion; (4) constructive trust; (5) breach of contract with a remedy of specific performance; (6) breach of contract with a remedy of damages; and (7) unjust enrichment. [#1].

The Parties appeared before the court and, on February 6, 2019, a Scheduling Order was entered in this case that contemplated a deadline for fact discovery of October 11, 2019, and a deadline for expert discovery of January 17, 2020. [#34]. In August 2019, the Parties alerted the undersigned Magistrate Judge of issues with discovery, including with Plaintiff's Responses to Interrogatories Nos. 1-4. *See* [#59]. Specifically, the four Interrogatories at issue are:

> **Interrogatory No. 1:** Identify by case name, court, and case number any legal action in which you have been a plaintiff or a defendant in the past five years, including the status of the action, whether you were deposed or provided testimony in court, and the name of the attorney representing you in the action.
>
> **Interrogatory No. 2:** Identify all mental health providers, treatment facilities, support groups, or counselors for which you sought treatment for substance abuse or other mental health issue, including the name of the provider or facility, dates of treatment, and the diagnoses.
>
> **Interrogatory No. 3:** Identify all prior or pending investigations by any government agency into the conduct of you or any entity with you were or are associated.
>
> **Interrogatory No. 4:** Identify all existing judgments, open tax liabilities or liens, and pending claims against you or any entity with which you were or are associated.

[*Id.* at 10-11]. Defendants contend that these Interrogatories are relevant because Plaintiff's ability to hold interest pursuant to the Maryland regulations over cannabis affects his ability to bring his affirmative claims and may be defenses to such claims for Defendants. [*Id.*]. Plaintiff objects to these Interrogatories, contending that they are outside the permissible scope of discovery as contemplated by Rule 26(b)(1) of the Federal Rules of Civil Procedure and that the true intent of

these Interrogatories was to harass and embarrass him. [#61]. The court turns to the applicable law and the Parties' arguments.[2]

## LEGAL STANDARD

**I.    Rule 26(b)(1)**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery in this action. Fed. R. Civ. P. 26(b)(1). The Rule permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id.* This scope for discovery does not include all information "reasonably calculated to lead to admissible evidence." The amendments to Rule 26, effective December 1, 2015, purposefully removed that phrase. *See* Advisory Committee Notes to 2015 Amendments to Rule 26(b)(1) ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery."); *In re Bard Filters Prods. Liability Litig.*, 317 F.R.D. 562, 563 (D. Ariz. 2016). As explained by the *Bard* court, the Advisory Committee on the Federal Rules of Civil Procedure was concerned that the phrase had been used incorrectly by parties and courts to define the scope of discovery, which "might swallow any other limitation on the scope of discovery." *Bard*, 317 F.R.D. at 563 (citing Fed. R. Civ. P. 26 Advisory Committee Notes to 2015 Amendment).

The applicable test is whether the evidence sought is relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26. Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the

---

[2] In reviewing the docket, there was an additional submission related to an issue regarding whether Defendants' searches in response to Plaintiff's Request for Production of Documents served on April 19, 2019, were reasonable. [#52]. The court will follow up on this issue in the upcoming Telephonic Discovery Conference set for October 24, 2019.

4

existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. In defining the scope of appropriate discovery, the Parties and the court are directed to consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

## II.     Rule 33

Rule 33 of the Federal Rules of Civil Procedure provides that an interrogatory may relate to any matter that may be inquired into under Rule 26(b), and that they must be answered by the party to whom they are directed. Fed. R. Civ. P. 33(a), (b). Grounds for objecting to an interrogatory must be stated with specificity, and "boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Greystone Const., Inc. v. Nat'l Fire & Marine Ins. Co.*, No. 07–cv–00066–MSK–CBS, 2008 WL 795815, at *5 (D. Colo. Mar. 21, 2008).

## ANALYSIS

Defendants insist that these Interrogatories are relevant because

> [t]here are serious questions about plaintiff's ability to satisfy the [Maryland Medical Cannabis] Commission's threshold fitness conditions. Defendants' four interrogatories . . . are narrowly tailored to obtain, among other things, plaintiff's relevant criminal, civil, mental health, substance abuse, and financial background. This information is necessary . . . to test the proposition plaintiff could hold an ownership interest in a Maryland-licensed medical cannabis company.

[#59 at 6]. Specifically, Defendants argue that the responses would go to negating Plaintiff's claims and supporting their Answer—which raises a number of affirmative defenses including unclean hands, the doctrine of impossibility, and the doctrine of illegality—because the Maryland regulations relevant to the cannabis industry precludes, *inter alia*, the transfer of more than 5%

ownership interest to an individual whose criminal history record or background investigation reveals an absence of good moral character. [*Id.* at 2, 9].

Plaintiff argues that the information sought by Interrogatory Nos. 1-4 is not relevant because (1) Defendants mischaracterize Maryland's cannabis regulatory scheme, and (2) the judgment that Plaintiff seeks is one that establishes rights among the Parties rather than from the Maryland Regulatory Commission. [#61]. Plaintiff further contends that the discovery sought is not relevant to any of Defendants' affirmative defenses of unclean hands, illegality, or impossibility. [*Id.* at 6-7].

Based on the record before it, this court finds that the information sought by Interrogatory Nos. 1-4 appears to have, at most, limited relevance to Plaintiff's six affirmative causes of actions. For instance, the "criminal, civil, mental health, substance abuse, and financial background" of an individual is not relevant to establishing the existence of a contract between Mr. Bartch and M.A. Barch, which underpins at least three of Mr. Bartch's affirmative claims for declaratory judgment; breach of contract with a remedy of specific performance; or breach of contract with a remedy of damages.[3] Similarly, the background or character of Plaintiff does not factor into whether Defendants are liable for civil theft; conversion; constructive trust; or unjust enrichment. Nor is it clear that the information sought is admissible for other purposes. *See* Fed. R. Evid. 404.

Nor is this court persuaded that the Interrogatories are relevant and proportional discovery to support Defendants' affirmative defenses. Whether Mr. Bartch had criminal, civil, mental

---

[3] Contract formation requires "mutual assent or offer and acceptance, consideration, legal capacity, and a lawful subject matter." 1 Williston on Contracts § 1:5 (4th ed.); *People v. Hull,* 8 Colo. 485, 492, 9 P. 34, 37 (1885) (observing that the elements of a binding contract include parties capable of contracting, a legal subject-matter, a plain proposition made and accepted, and ample consideration moving from both side); *B-Line Med., LLC v. Interactive Dig. Sols., Inc.*, 209 Md. App. 22, 46, 57 A.3d 1041, 1055 (2012) (citing *Peer v. First Fed. Sav. & Loan Ass'n*, 273 Md. 610, 614, 331 A.2d 299 (1975) (observing the elements of a contract are offer, acceptance, and consideration)).

health, substance abuse, or financial issues outside his business relationship with M.A. Barch does not implicate an unclean hands doctrine, which applies when "a party engaging in improper or fraudulent conduct relating in some significant way <u>to the subject matter of the cause of action</u>[.]" *Whiting Oil & Gas Corp. v. Atl. Richfield Co.*, 321 P.3d 500, 508 (Colo. App. 2010), *aff'd on other grounds*, 320 P.3d 1179 (emphasis added). *See also Greentree Series V, Inc. v. Hofmeister*, 222 Md. App. 557, 571, 114 A.3d 230, 239 (2015) ("[F]or the doctrine to be applicable, the fraudulent, illegal or inequitable conduct <u>must relate to the matter with relation to which the party seeks assistance</u>.") (emphasis added). Similarly, there is no nexus between Plaintiff's criminal, civil, mental health, substance abuse, or financial issues and the affirmative defenses of illegality or impossibility. To the extent Defendants suggest that they could utilize the information to preclude the finding of or enforcement of an agreement between the Parties that is otherwise supported by mutual assent and consideration, they have failed to persuade this court that such an issue is within this court's jurisdiction. Put another way, the issue of whether the Commission ultimately approves or denies the proposed transfer of the cannabis license to Plaintiff based on his criminal, civil, mental health, substance abuse, or financial issues is clearly vested in the discretion of the Commission, *see* COMAR 10.62.08.08(B) ("The Commission <u>may</u> deny transfer of an interest in a license for any proposed transferee . . .") (emphasis added), and the court has no role in determining the Commission's exercise of discretion. As noted by Plaintiff, this action is one to determine the property rights between the named Parties, and not one to prognosticate whether the Commission will ultimately allow the transfer of the license.

## CONCLUSION

For these reasons, it is **ORDERED** that:

8

(1) Defendants Mackie A. Barch and Trellis Holdings Maryland, Inc.'s Motion to Compel Answer to Interrogatories [#59] is **DENIED**.

DATED:  October 23, 2019         BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge