# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03016-MSK-NYW

DAVID JOSHUA BARTCH,

      Plaintiff,

v.

MACKIE A. BARCH, and
TRELLIS HOLDINGS, MARYLAND, INC.,

      Defendants.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

      This case comes before the court on Plaintiff's Motion to Compel Production of Complete Document Which Defendants Partially Used to Depose Plaintiff ("Plaintiff's Motion to Compel" or "Motion to Compel"), [#74, filed November 1, 2019], pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated January 25, 2019, [#24], and the Memorandum dated November 1, 2019, [#76]. The Parties discussed this issue with the court during a Telephonic Discovery Conference held on October 24, 2019, [#71]; Plaintiff filed his Supplement to the Motion to Compel on November 6, 2019, [#77]; and Defendants filed their Response on November 8, 2019, [#79]. No replies without leave of the court were permitted, and Plaintiff did not seek to file a Reply. Accordingly, Plaintiff's Motion to Compel is now ripe for decision and this court respectfully **DENIES without prejudice** the Motion to Compel.

# BACKGROUND

      The factual background of this case, taken as true from the operative pleading, has been discussed in detail in the presiding judge's Opinion and Order Denying the Motion to Dismiss and

Stay, [#47], as well as this court's prior order disposing of Defendants' Motion to Compel, [#70], and therefore will only be discussed as it relates to the instant dispute.  This action arises from a dispute over the ownership interest in a medical marijuana business licensed and located in Maryland.  [#1].  Plaintiff David Joshua Bartch ("Plaintiff" or "Mr. Bartch") alleges that through a series of transactions, Defendant Mackie A. Barch ("Defendant Barch" or "M.A. Barch", collectively with Defendant Trellis Holdings, Maryland, Inc. ("Trellis"), "Defendants")[1] deprived him of Class A shares in Doctor's Orders Maryland LLC ("Doctor's Orders Maryland"),[2] a Maryland limited liability company that ultimately obtained a license to practice within the medical cannabis industry in Maryland.  [*Id.*].  This action ensued, with Plaintiff asserting seven claims for relief: (1) declaratory relief with respect to the agreement regarding the allocation of the Class A shares; (2) civil theft; (3) conversion; (4) constructive trust; (5) breach of contract with a remedy of specific performance; (6) breach of contract with a remedy of damages; and (7) unjust enrichment.  [*Id.*].

During the deposition of Plaintiff, Defendants asked him about a certain document, which ultimately was revealed to be a single page of an exhibit ("Deposition Exhibit 11") to the stage 2 application of Doctor's Orders Maryland to the Maryland Medical Cannabis Commission ("Stage 2 Application").  [#74 at 1].  The one page represents that Plaintiff was a Manager for Doctor's Orders Maryland from July 6, 2015 to November 4, 2015, and his reason for leaving was an "Amicable Separation."  [#74-1].  M.A. Barch's initials are reflected on that same page [*id.*; #77-

---

[1] The court adopts this slightly stilted appellation because the individuals in this suit have remarkably similar surnames.

[2] Plaintiff asserts that Doctor's Orders Maryland is now known as Culta LLC, *see* [#74], but for the sake of consistency with other orders in this action, this court will continue to refer to it as "Doctor's Orders Maryland."

1 at 252:1-3],[3] and Plaintiff argues that the statement regarding an "amicable separation," is false. [#74 at 2].   Plaintiff thus seeks to compel Defendants to produce the entirety of the Stage 2 Application.   Originally, during the Telephonic Status Conference, Plaintiff argued that production was required under Rule 106 of the Federal Rules of Evidence and Rule 26.   *See* Ex. 1.   But in its Motion to Compel, Plaintiff has retreated from its argument under Rule 106 of the Federal Rules of Evidence, and focused upon Rule 26(a)(1) and Rule 34 of the Federal Rules of Civil Procedure.[4] [#74].

Defendants oppose the Motion to Compel, arguing that this court should not grant Mr. Bartch's request to produce the entirety of the Stage 2 Application because the document is subject to a subpoena-enforcement action in the United States District Court for the District of Maryland ("Maryland Subpoena Action") and that court is the proper forum to resolve the issue.   [#79 at 1-2].   Defendants further contend that they are not in the possession, custody, or control of the Stage 2 Application and "plaintiff cannot properly seek to obtain from defendant Trellis (the member) or defendant Barch (the manager) what belongs to Culta (the controlling juridical entity which has the application)."   [*Id.* at 5].   Defendants also argue that Plaintiff's Requests for Production do not encompass the Stage 2 Application because it is not sought with reasonable particularity and because, even if it had been requested, Defendants still would not have custody and control over the entire document to permit its production.   [*Id.* at 8-9].   Finally, Defendants urge this court to

---

[3] In referring to deposition transcripts, this court cites to the docket number assigned by the Electronic Court Filing ("ECF") system, but the original page and line numbers assigned by the reporting service in the transcript, for the sake of consistency.

[4] On November 4, 2019, Plaintiff took the deposition of M.A. Barch, in which Plaintiff "sought to examine [Defendant] Barch for the purpose of bolstering his motion.   After allowing Defendant Barch to confirm that his initials appear on Exhibit 11, however, defense counsel categorically instructed Barch not to answer any further questions related to Exhibit 11 or the rest of the supplemental license application."   [#77 at 1; #77-1].

deny Plaintiff's demand for production of the Stage 2 Application because it contains highly sensitive, privileged, confidential, and proprietary information of Culta, a non-party. [*Id.* at 10-11]. Though Defendants argued relevance during the Telephonic Discovery Conference, *see* Ex. 1, and Culta argues relevance in the Maryland subpoena action, [#74-5], it appears that Defendants have abandoned their relevance arguments in their Response.[5] *See generally* [#79].

## LEGAL STANDARDS

### I.      Rule 26(b)(1)

As with its Order Denying Defendants' Motion to Compel Answers to Interrogatories, [#70], this court begins with Rule 26(b)(1) of the Federal Rules of Civil Procedure, which defines the scope of permissible discovery in this action. Fed. R. Civ. P. 26(b)(1). The Rule permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Id.* The applicable test is whether the evidence sought is relevant to any party's claim or defense and proportional to the needs of the case. *Id.* Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. In defining the scope of appropriate discovery, the Parties and the court are directed to consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

### II.     Rule 26(a)(1)

---

[5] During the Telephonic Discovery Conference, this court also rejected Defendants' argument that the page of the Stage 2 Application was "inadvertently produced," given Defendants' affirmative and intentional use of the page during M.A. Barch's deposition. [#74-2 at 236:9-240:12].

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure expressly requires a party, without awaiting a formal discovery request, to:

> disclose a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(iii).  A party must make its initial disclosures based on the information then reasonably available to it.  Fed. R. Civ. P. 26(a)(1)(E).  Before making initial disclosures, parties must "make a reasonable inquiry into the facts of the case," but need not conduct "an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings." *Lintz v. Am. Gen. Fin., Inc.*, No. CIV.A. 98-2213-JWL, 1999 WL 619045, at *3 (D. Kan. Aug. 2, 1999) (citing Fed. R. Civ. P. 26(a)(1) advisory committee notes (1993 amend.)).

## III.   Rule 34

A party may serve on any other party a request within the scope of Rule 26(b) to produce any designated documents or electronically stored information.  Fed. R. Civ. P. 34(a)(1)(A).  The request must describe with "reasonable particularity" each item or category of items to be inspected and may specify the form or forms in which electronically stored information is to be produced. Fed. R. Civ. P. 34(b)(A), (C).  "Though what qualifies as reasonably particular surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said to apprise a person of ordinary intelligence what documents are required and to enable the court to ascertain whether the requested documents have been produced."  *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–50 (10th Cir. 2008) (citing Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415).

Courts have rejected parties' attempts to compel the production of documents without filing a formal discovery request. *Simon v. Taylor*, No. CIV 12-0096 JB/WPL, 2014 WL 6633917, at *27 (D.N.M. Nov. 18, 2014), aff'd, No. 17-2088, 2019 WL 5801694 (10th Cir. Nov. 7, 2019).  For instance, courts have denied a motion to compel where the movant made an oral request for discovery during depositions.  *See, e.g.*, *Schwartz v. Mktg. Publ'g Co.*, 153 F.R.D. 16, 21 (D. Conn. 1994); *Roberts v. Americable Int'l, Inc*., 883 F. Supp. 499, 501 n.2 (E.D. Cal. 1995).

### ANALYSIS

I.    **Were Defendants Obligated to Produce the Stage 2 Application Pursuant to Rule 26(a)(1)?**

The court first considers whether Defendants were obligated to produce the Stage 2 Application as part of their Initial Disclosures pursuant to Rule 26(a)(1).  Based on the record before the court, including the representations of defense counsel as an officer of the court, this court concludes that Rule 26(a)(1) did not require Defendants to produce the entire Stage 2 Application affirmatively.  Unlike Colorado Rule of Civil Procedure 26(a)(1),[6] Rule 26(a)(1) of the Federal Rules of Civil Procedure only requires a party to disclose documents that it intends to use to support its claims and defenses.  Fed. R. Civ. P. 26(a)(1).

As an initial matter, during the Telephonic Discovery Conference, Defendants seemingly repudiated any intent to rely upon the entire Stage 2 Application.  [#71].  This repudiation is not clear, however, in Defendants' Response.  *See generally* [#79].  To the extent that Defendants intend upon relying on the entire (or even other portions) of the Stage 2 Application at any time in this action, then Rule 26(a)(1) and 26(e) create an affirmative, self-effectuating and ongoing

---

[6] Rule 26(a)(1) of the Colorado Rules of Civil Procedure provides: "Disclosures. Except to the extent otherwise directed by the court, a party shall, without awaiting a discovery request, provide to other parties the following information, <u>whether or not supportive of the disclosing party's claims or defenses…</u>"  C.R.C.P. 26(a)(1) (emphasis added).

obligation for production.   Indeed, as implicitly acknowledged by defense counsel in his representation at the deposition that he believed that Exhibit 11 had been produced, [#74-2 at 238:9-21], Defendants should have produced Exhibit 11 prior to examining Plaintiff about it at his deposition, given their clear reliance on it.

But unlike the sole page of Exhibit 11, there is no indication in the record that Defendants intended to or intend in the future to rely upon the entire Stage 2 Application, and the admissibility of Exhibit 11 without the production of the entire Stage 2 Application is a separate issue from the discoverability of the Stage 2 Application.   Defense counsel, as an officer of the court bound by the Rules of Professional Conduct, Federal Rules of Civil Procedure, and the Local Rules of Attorney Conduct, has affirmatively represented both orally and in writing that neither he nor Defendants possessed the entirety of the Stage 2 Application prior to M.A. Barch's deposition. *See e.g.* [#74-2 at 238:19-21 ("I only have this page, and we're trying to track down the genesis of it."); #79 at 7 ("Defendants have represented to the Court previously that as of the time of plaintiff's deposition they were in possession of only the single page of the application. That representation remains true…").   Despite Plaintiff's skepticism, this court has no basis to conclude otherwise.[7]   Therefore, this court concludes that Rule 26(a)(1) does not compel the disclosure of the Stage 2 Application, as opposed to Exhibit 11.   Because this court so concludes, it does not reach Defendants' argument regarding the possession, custody, and control of the Stage 2 Application in the context of Rule 26(a)(1).

**II.     Were Defendants Obligated to Produce the Stage 2 Application Pursuant to Plaintiff's Request for Production of Documents?**

---

[7] To the extent that the limited discovery contemplated later in this Order reveals that these representations were inaccurate, nothing in this Order should be construed as prejudging or limiting any appropriate relief.

Plaintiff also contends that Defendants were obligated to produce the Stage 2 Application because it is responsive to his document requests. [#74 at 8]. Specifically, Mr. Bartch argues that he requested, "'[a]ll Communications' relating to Plaintiff between Defendant Barch and Jeff Black, Ashley Peebles, Glenn Weinberg, Tyler Weinberg, Herb Wilkins, and/or the law firm Vicente Sederberg." [*Id.* (citing #74-4 at 6)]. In his Supplement, Plaintiff argues that defense counsel's categorical instruction to M.A. Barch not to respond to questions related to Exhibit 11 violated the Federal Rules of Civil Procedure and precluded Plaintiff from obtaining discovery to bolster his arguments in the Motion to Compel. [#77].

Defendants contend that they should not be compelled to produce the Stage 2 Application for a number of reasons. First, Defendants contend that the Stage 2 Application is not within the possession, custody, and control of Defendants but, rather, of Culta, a non-party. [#79 at 4-5]. Next, they contend that the District of Maryland is the proper forum to determine this issue, rather than this court. [*Id.* at 7-8]. Defendants then contend that Plaintiff did not request the production of the Stage 2 Application because it is not described with reasonable particularity in the Requests for Production under Rule 34 that Plaintiff references. [*Id.* at 8-9]. And finally, Defendants argue that the Stage 2 Application contains highly sensitive, privileged, confidential, and proprietary information of a nonparty. [*Id.* at 10-11]. This court considers these issues below.

### A.    Possession, custody, and control

Courts in this District have consistently held that "'possession, custody, or control' includes any information with the possession, custody, or control of a party <u>or</u> in the possession of others which can be obtained through a request, order, or direction, including information which the party has a legal right, authority, or ability to obtain upon demand in the possession of another, *as well as information in the possession or control of its* agents, *attorneys*, and contract health care

providers." *Palgut v. City of Colorado Springs*, No. CIVA 06CV01142 WDMMJ, 2006 WL 3483442, at *3 (D. Colo. Nov. 29, 2006) (citing *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Colo. 2003) (emphases added).   Here, despite Defendants' arguments regarding Culta's control over the document, it is undisputed that defense counsel now possesses the entire Stage 2 Application: "Defendants' counsel obtained the full application only after plaintiff's deposition[.]"   [#79 at 7 (emphasis omitted)].   Defendants then argue "however, defendants' counsel's physical possession of the application (Culta's document) does not authorize counsel to disclose it."   [*Id.*].

Thus, even without engaging in a substantive analysis regarding whether the relationships between Culta and the Defendants in this action establish that Defendants have *de facto* control over the Stage 2 Application, it is clear to this court that Defendants, through their counsel, have *actual* possession, custody, and control over it.

### B.      Culta's Privacy Interests

It is a separate question whether Defendants can produce the Stage 2 Application without permission from Culta.  Defendants argue that they cannot, as that "authority rests solely with the Culta Board."  [*Id.*].  But absent attorney argument, the record has no evidence of such prohibition. Defendants have not eluded to or submitted any type of confidentiality agreement that (a) facilitated the production of the Stage 2 Application, (b) binds Defendants Trellis Holdings and/or M.A. Barch to confidentiality, or (c) specifically bars its disclosure.  *See generally* [#79].  Instead, Defendants argue that the application "contains highly sensitive, privileged, confidential, and proprietary information of a nonparty." [*Id.* at 10].  This argument does not persuade this court that Defendants may not be compelled to produce the Stage 2 Application for a few different reasons.

First, to the extent that Defendants are distinct in the manner that Defendants urge this court to conclude within their "possession, custody, or control" arguments, then it is unlikely that these same Defendants have standing to invoke such objections on the part of a nonparty – particularly one that Defendants have not established is bound by any confidentiality. *Cf. Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) (holding that "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought[,]" or "upon a showing that there is a privacy interest applicable."). Further, there is no evidence in the record that these Defendants have any privilege or privacy interest *personal to them* in the Stage 2 Application, particularly in light of their own arguments regarding the distinction between Defendant Trellis Holdings as a member, Defendant Barch as the manager, and Culta as the "controlling juridical entity which has the application." [#79 at 5].

Second, Defendants allude that, but do not substantively argue, the Stage 2 Application is protected by privilege. *See generally* [#79]. But given the submission of the Stage 2 Application to the Maryland Cannabis Commission, it is unlikely that any attorney-client privilege and/or work product protection is still viable with respect to the contents of the application. *See In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1192 (10th Cir. 2006) (rejecting the adoption of a selective waiver doctrine to protect voluntary disclosures to governmental entities). And even if some privilege did attach, Defendants have failed to point to a privilege log or other disclosure required by Rule 26(b)(5). That Rule provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).

Third, while the privacy interest of a nonparty is certainly a factor in the court's consideration, it is not necessarily dispositive. Here, there is no substantive showing that Culta's privacy interests outweigh the probative value of the Stage 2 Application to the claims and defenses of this action, particularly in light of the entered Protective Order. *See* [#38]. To the extent that Culta has shared the documents with the individuals identified by Mr. Bartch, i.e., Jeff Black, Ashley Peebles, Glenn Weinberg, Tyler Weinberg, Herb Wilkins, and/or the law firm Vicente Sederberg, the fact and circumstances of the exchange might affect the court's analysis regarding any privacy and/or confidentiality arguments. But this court declines to make such arguments on behalf Defendants, who are ably represented by counsel, *see United States v. Davis*, 622 Fed. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that the court has no obligation to make arguments or perform research on behalf of litigants), or Culta, who has not sought to intervene here. Therefore, this court is not persuaded that Culta's privacy interests bars production of the Stage 2 Application based on the record currently before it.

## C.    Maryland Subpoena Action

Defendants also argue that this instant Motion is an attempt to end run the decision in the Maryland Subpoena Action. [#79 at 7-8]. While this court agrees that it is not the correct forum to determine the outcome of the subpoena enforcement against Culta absent the District of Maryland court transferring the motion pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, and that it should be mindful of any determinations made by the Maryland court, it

does not agree that the production of the Stage 2 Application is a matter necessarily limited to the Maryland Subpoena Action. While the Stage 2 Application may be subject to a subpoena directed at Culta, as discussed above, it may also be subject to separate Requests for Production directed at Defendants in this case. The Federal Rules are clear that methods of discovery may be used in any sequence (or in parallel), unless the parties stipulate or the court orders otherwise, Fed. R. Civ. P. 26(d)(3), and Defendants cite no authority, and this court is not independently aware of any, to suggest that the Plaintiff cannot use different discovery tools to gather relevant information regarding the claims and defenses at issue in this action – even when those discovery tools may separately yield the same or substantially similar documents. *Cf. Klunder v. Brown Univ.*, 778 F.3d 24, 35 (1st Cir. 2015) (observing that a plaintiff may utilize various discovery tools afforded to all litigants including interrogatories, requests for production of documents, subpoenas, to obtain information for the prosecution of his case).[8] Nor could Defendants suggest that the Maryland court has a more compelling interest than this District in the outcome of this issue or the action. Thus, this court turns to the question of whether Plaintiff has requested the Stage 2 Application.

### D.      Plaintiff's Requests for Production

Plaintiff concedes that he did not specifically request Doctor's Orders Maryland's license applications separately, but instead argues that the Stage 2 Application is subsumed in his request for "'[a]ll Communications' relating to Plaintiff between Defendant Barch and Jeff Black, Ashley

---

[8] To the extent that Plaintiff served an additional discovery request now knowing that Defendants have possession of the entire Stage 2 Application, and Culta intervened in this action to challenge such discovery request, this court would defer to the Maryland District Court in order to avoid any specter of forum shopping or gamesmanship. *Cf. Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 268 F.R.D. 226, 242 (M.D.N.C. 2010) (citing Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment) (observing that the Federal Rules governing discovery impose an affirmative obligation to engage in pretrial discovery in a responsible manner, and noting "that the spirit of the Rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues.").

Peebles, Glenn Weinberg, Tyler Weinberg, Herb Wilkins, and/or the law firm Vicente Sederberg." [#74 at 8 (citing #74-4 at 6)]. The original Motion to Compel acknowledges the limitations to these Requests for Production: "Given the practice with the initial DOMD application of circulating it among the persons in question, *see, e.g.*, Ex. E, *it is improbable* that the supplemental application was not the subject of any communication among the listed persons." [#74 at 8 (emphasis added)]. In his Supplement to the Motion to Compel, Mr. Bartch contends that the litigation conduct of defense counsel precluded him from gathering evidence that would further support his argument that the Stage 2 Application fell within the scope of his discovery requests. *See* [#77]. As a result, Mr. Bartch asks the court to compel the production of the Stage 2 Application. [*Id.*].

Defendants argue that the Requests for Production are not reasonably particularized so as to capture the Stage 2 Application. [#79 at 8-10]. They then argue that they do not maintain custody or control over the document and do not have the authority to disclose the application to Plaintiff. [*Id.* at 10]. Defendants also take issue with the argument that defense counsel's instruction at the deposition precluded Mr. Bartch from obtaining information about the possession of the Stage 2 Application, suggesting that had plaintiff's counsel gone off the record to discuss the purpose and direction of his line of questions, "there may have been no need to terminate the line of questioning or at least there then would be a clear (actual) record of plaintiff's intentions." [#79 at 4]. Defendants do not, however, address the issue of whether the Stage 2 Application was communicated between Defendant M.A. Barch and any of the following individuals: Jeff Black, Ashley Peebles, Glenn Weinberg, Tyler Weinberg, Herb Wilkins, and/or the law firm Vicente Sederberg.

Neither side has provided Defendants' Response to Plaintiff's Requests for Production, and therefore, there is no indication whether there are responsive documents that have been withheld on objections and/or subject to a privilege log.  According to Rule 34(c) of the Federal Rules of Civil Procedure, "[a]n objection [to a request for production] must state whether any responsive materials are being withheld on the basis of that objection."  In addition, as discussed above, an invocation of privilege must be accompanied by a disclosure compliant with Rule 26(b)(5), but no such disclosure has been made with respect to the Stage 2 Application.  And the deposition was terminated before any questions were asked and any record was made about any sharing of the Stage 2 Application.  After review of the deposition transcript, this court concludes that although Defendants had a valid basis for concern that Plaintiff was seeking information regarding the substantive contents of the Stage 2 Application, it also finds that Defendants improperly terminated the deposition by instructing the witness not to respond in a blanket fashion in contravention of Rule 30(c)(2) of the Federal Rules of Civil Procedure and Local Rule of Civil Practice 30.3.  *See* Fed. R. Civ P. 30(c)(2); D.C.COLO.LCivR 30.3.  Neither Rule permits counsel to unilaterally instruct a witness not to respond except upon the assertion of a particularized privilege.  There is no mention of privilege by defense counsel in the transcript of the deposition of Defendant M.A. Barch, [#77-1], and no other appropriate basis for a blanket instruction not to respond.

Mr. Bartch urges this court to order the production of the Stage 2 Application as relief for Defendants' litigation conduct.  [#77].  This court respectfully disagrees that such production is the appropriate relief.  Any sanction for a discovery violation "must be exercised with restraint and discretion, to assure that the sanction is proportionate to the offending conduct."  *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 636 (D. Colo. 2007) (citing *Chambers*

14

*v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).  Fundamentally, there is no evidence in the record to date that the Stage 2 Application is captured by Plaintiff's Requests for Production.  Until and unless there is such evidence, there is simply no basis to compel the production of the Stage 2 Application.

Accordingly, this court will permit Plaintiff to direct five (5) interrogatories to Defendants, not to count against the discovery limits set in the Scheduling Order, to ascertain whether the Stage 2 Application falls within the scope of Plaintiff's existing, identified Requests for Production directed at communications between Defendants and Jeff Black, Ashley Peebles, Glenn Weinberg, Tyler Weinberg, Herb Wilkins, and/or the law firm Vicente Sederberg.  Such interrogatories must be served no later than **December 13, 2019**.  Responses to such interrogatories must be served, with the accompanying verification, no later than **December 24, 2019**.  To the extent that Plaintiff believes these interrogatories yield evidence that establishes that the Stage 2 Application falls within Plaintiff's Requests for Production, Plaintiff may renew his Motion to Compel the Stage 2 Application at that time, citing to specific evidence in the record.  Defendants further retain their ability to assert applicable privileges, if appropriate.[9]

## CONCLUSION

For the reasons set forth in this Order, it is **ORDERED** that:

(1)   Plaintiff's Motion to Compel Production of Complete Document Which Defendants Partially Used to Depose Plaintiff [#74] is **DENIED without prejudice**.

---

[9] Though this court expects that such intervention will be unnecessary, to the extent that the Parties have a dispute arising from the interrogatory responses, they may avail themselves of this court's informal discovery dispute procedures.

DATED:  December 9, 2019                BY THE COURT:

Nina Y. Wang
United States Magistrate Judge