```
 1            IN THE UNITED STATES DISTRICT COURT FOR

 2                   THE DISTRICT OF COLORADO

 3     - - - - - - - - - - - - x

 4     DAVID JOSHUA BARTCH,    :

 5           Plaintiff,        :

 6       v.                    :    Civil Action No.

 7     MACKIE A. BARCH, and    :    18-cv-03016-MSK-NYW

 8     TRELLIS HOLDINGS         :

 9     MARYLAND, INC.,         :

10           Defendants.       :

11     - - - - - - - - - - - - x

12

13          Videotaped deposition of MACKIE A. BARCH

14                    Baltimore, Maryland

15                 Monday, November 4, 2019

16                        9:57 a.m.

17

18

19

20

21

22

23

24

25
```

H+G
Hunter+Geist, Inc.
303.832.5966
800.525.8490
1900 Grant Street, Suite 1025
Denver, CO 80203
www.huntergeist.com
scheduling@huntergeist.com
Your Partner in Making the Record
Court Reporting, Legal Videography, and Videoconferencing

Mackie A. Barch   11/04/2019
DAVID JOSHUA BARTCH v. MACKIE A. BARCH

Page 3

```
 1         IN THE UNITED STATES DISTRICT COURT FOR
 2                 THE DISTRICT OF COLORADO
 3   - - - - - - - - - - - - - x
 4   DAVID JOSHUA BARTCH,     :
 5           Plaintiff,       :
 6      v.                    :    Civil Action No.
 7   MACKIE A. BARCH, and     :    18-cv-03016-MSK-NYW
 8   TRELLIS HOLDINGS         :
 9   MARYLAND, INC.,          :
10           Defendants.      :
11   - - - - - - - - - - - - - x
12
13         Videotaped deposition of MACKIE A. BARCH
14                    Baltimore, Maryland
15                  Monday, November 4, 2019
16                         9:57 a.m.
```

```
 1              A P P E A R A N C E S
 2
 3     ON BEHALF OF PLAINTIFF DAVID J. BARTCH:
 4         PAUL H. SCHWARTZ, ESQUIRE
 5         SHOEMAKER GHISELLI + SCHWARTZ, L.L.C.
 6         1811 Pearl Street
 7         Boulder, Colorado 80302
 8         303.530.3452
 9         pschwartz@sgslitigation.com
10
11
12     ON BEHALF OF DEFENDANT MACKIE A. BARCH:
13         ARI CASPER, ESQUIRE
14         SEAN FOX, ESQUIRE
15         THE CASPER FIRM
16         Suite 903
17         400 East Pratt Street
18         Baltimore, Maryland 21202
19         410.989.5097
20         acasper@casperfirm.com
21
22   ALSO PRESENT:
23          DAVID JOSHUA BARTCH, PLAINTIFF
24          SCOTT PICKERING, VIDEOGRAPHER
```

Page 2

```
 1     Videotaped deposition of MACKIE A. BARCH, held
 2   at the offices of:
 3
 4         NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER,
 5         P.A.
 6         One South Street, 27th Floor
 7         Baltimore, Maryland 21202
 8         410.332.8550
 9
10     Pursuant to notice, before Debi Pearce, Notary
11   Public in and for the State of Maryland and the
12   Commonwealth of Virginia.
```

Page 4

```
 1                 C O N T E N T S
 2
 3   WITNESS:  MACKIE A. BARCH:
                                                 PAGE
 4
     EXAMINATION                                    7
 5   BY MR. PAUL SCHWARTZ
 6
     EXHIBITS:
 7
     EXHIBIT NO. 21:  2/13/17 E-MAIL THREAD       30
 8   EXHIBIT NO. 22:  1/23/17 E-MAIL THREAD       39
     EXHIBIT NO. 23:  1/23/17 E-MAIL THREAD       45
 9   EXHIBIT NO. 24:  1/23/17 E-MAIL THREAD       58
                      AND SLOCAN STRATEGIES
10                    LETTER OF INTENT
     EXHIBIT NO. 25:  1/17/17 E-MAIL THREAD       65
11   EXHIBIT NO. 26:  2/17/17 E-MAIL              70
     EXHIBIT NO. 27:  4/3/17 E-MAIL               72
12   EXHIBIT NO. 28:  2/21/10 E-MAIL THREAD       73
     EXHIBIT NO. 29:  3/2/17 E-MAIL THREAD        76
13   EXHIBIT NO. 30:  SECOND AMENDED AND          84
                      RESTATED OPERATING
14                    AGREEMENT
                      - UNDER SEAL -
15   EXHIBIT NO. 31:  4/22/17 E-MAIL THREAD       86
     EXHIBIT NO. 32:  6/17/15 E-MAIL THREAD      116
16   EXHIBIT NO. 33:  8/3/15 TERM SHEET          118
     EXHIBIT NO. 34:  11/26/15 E-MAIL            121
17                    THREAD
     EXHIBIT NO. 35:  11/24/15 E-MAIL            127
18   EXHIBIT NO. 36:  1/12/16 E-MAIL & CAP       171
                      TABLE
19   EXHIBIT NO. 37:  3/1/16 E-MAIL              174
     EXHIBIT NO. 38:  3/24/16 E-MAIL             185
20   EXHIBIT NO. 39:  10/7/16 E-MAIL AND         189
                      CONFIDENTIAL
21                    INFORMATION
                      MEMORANDUM FOR
22                    TRELLIS (APRIL 2016)
     EXHIBIT NO. 40:  1/14/17 TRELLIS            198
23                    PRESENTATION
     EXHIBIT NO. 41:  8/31/16 E-MAIL THREAD      234
24   EXHIBIT NO. 42:  9/22/16 E-MAIL THREAD      241
     EXHIBIT NO. 43:  1/23/17 E-MAIL THREAD      252
25   EXHIBIT NO. 44:  1/4/16 E-MAIL              254
```

Page 5

EXHIBITS CONTINUED:

| EXHIBIT NO. 45: | 1/15/16 E-MAIL THREAD | 258 |
| EXHIBIT NO. 46: | 1/14/16 E-MAIL THREAD | 261 |
| EXHIBIT NO. 47: | 8/24/16 E-MAIL THREAD | 272 |
| EXHIBIT NO. 48: | 8/19/16 E-MAIL THREAD | 278 |
| EXHIBIT NO. 49: | 1/30/17 E-MAIL THREAD | 287 |
| EXHIBIT NO. 50: | FINANCIAL STATEMENTS FOR TRELLIS HOLDINGS | 294 |
| EXHIBIT NO. 51: | PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES | 307 |
| EXHIBIT NO. 52: | 6/22/17 E-MAIL | 323 |

Page 6

PROCEEDINGS

THE VIDEOGRAPHER: We are now on the record, as of 9:57 am, at the address of One South Street, Twenty-Seventh Floor, Baltimore, Maryland. We are here on behalf of -- we are here for the videotaped deposition of Mackie A. Barch in the matter of David Joshua Bartch versus Mackie A. Barch, et al., to be heard in the United States District Court for the District of Colorado, Case No. 18-cv-03016-MSK-NYW.

The videographer today is Scott Pickering. The court reporter is Debi Pearce. We are from the court reporting firm Hunter & Geist.

Will counsel, please, voice identify themselves.

MR. SCHWARTZ: Paul Schwartz, on behalf of the plaintiff; and also present is the plaintiff, Josh Bartch.

MR. CASPER: Ari Casper and Sean Fox on behalf of the defendants.

THE VIDEOGRAPHER: Will the court reporter, please, swear in the witness.

MACKIE A. BARCH,
HAVING BEEN FIRST DULY SWORN/AFFIRMED, WAS
EXAMINED AND TESTIFIED UNDER OATH AS FOLLOWS:

Page 7

THE WITNESS: I do.
EXAMINATION
BY MR. PAUL SCHWARTZ:

Q Good morning, sir.
A Good morning.
Q Let's start with just a few definitions. Because of the similarities in the sound of your last name and Josh's last name, what we've been doing is somewhat unusual for a lawsuit, but I'm typically going to refer to you as "Mackie," and Josh as "Josh," and there's no disrespect intended in that.
A Understood.
Q Okay. If I use "Doctors Orders Maryland," "DOMD," or "Culta," I intend those to all be interchangeable; do you understand that?
A Doctors Orders Maryland, Culta, and what's the last one?
Q DOMD is just --
A Okay.
Q -- the initials of Doctors Orders Maryland?
A Okay.
Q All right? If I refer to DOMDOP, that's DO Maryland OP, LLC.

Page 8

A Okay.
Q All right. I'm going to ask you to, even if you understand what my question is, just wait until I completely finish my question, and then you can answer and I'll wait for you to finish your answer, and that way the court reporter will get a good clean transcript; fair enough?
A Fair enough.
Q All right. If I refer to "Trellis," that is referring to Trellis Holdings Maryland unless I indicate otherwise, all right?
A Okay.
Q And if I refer to the "commission," that's the Maryland Medical Cannabis Commission, okay?
A Okay.
Q All right.
MR. CASPER: Paul, just on the Trellis, because there are a couple Trellises; a national Trellis, and then -- if you can, I think Trellis Holdings Maryland is probably going be -- make it easier to keep track of it all -- if you can.
MR. SCHWARTZ: I hear what you're saying. We'll take it as it goes, but I hear what you're saying.
BY MR. SCHWARTZ:

Page 149

1 A Hold on. I was on the wrong page. Sorry.
2 I was looking at page 5 and not Culta 5.
3 Q Do you see in the first whereas clause it
4 refers to the Second Amended and Restated
5 Operating Agreement dated as of June 30th, 2017?
6 A The first "whereas" clause?
7 Q Yes.
8 A Yes.
9 Q Okay. And is that accurate that the
10 Second Amended and Restated Operating Agreement of
11 Doctors Orders Maryland was dated June 30th, 2017?
12 A I don't remember.
13 Q Okay. You don't have any reason to think
14 that that statement, in Culta 5, is wrong,
15 correct?
16 A I don't believe so.
17 Q You don't believe it's wrong?
18 A I don't believe it's wrong.
19 Q Okay. Thank you.
20     So go now, in Exhibit 18, to Culta 63,
21 which is part of the Second Amended and Restated
22 Operating Agreement from June 30th, 2017 --
23 A Culta 63, you said?
24 Q Yes.
25 A Yes, sir.

Page 150

1 Q And, then, let's go back to talking about
2 the fourth whereas clause. We were talking about
3 it earlier. It's the one that says DO has
4 assigned the Class A membership interest which it
5 previously owned to entities owned by Black,
6 Barch, Peebles, and Bickel, and then it goes on.
7 A Uh-huh.
8 Q Do you see that?
9 A I do.
10 Q Why, as you understood it, did DO Maryland
11 OP assign Class A membership units to Trellis
12 Holdings Maryland?
13 A I don't know. Again, the only thing I
14 know was that there was a Weinberg nondilutable
15 piece and, then, a dilutable piece. So I don't
16 know the answer to your question.
17 Q Well, you were the sole owner, you
18 contend, of Trellis Holdings Maryland --
19 A I am the only owner of Trellis Holdings
20 Maryland.
21 Q Let me finish my question, please.
22 A Uh-huh.
23 Q You have testified that you are the sole
24 owner of Trellis Holdings Maryland. Are you
25 saying that, as the sole owner of Trellis Holdings

Page 151

1 Maryland, you don't know what led to DO Maryland
2 OP transfer -- or assigning to Trellis Holdings
3 Maryland the membership units of Doctors Orders
4 Maryland that Trellis Holdings Maryland received?
5     MR. CASPER: Objection. That
6 mischaracterizes his testimony.
7     If you ask him that question, then, he
8 will answer it.
9     THE WITNESS: When you do the objections,
10 I get confused.
11     MR. CASPER: He wants to know --
12     MR. SCHWARTZ: Don't characterize my
13 question. If he doesn't remember, I'm going to
14 ask the court reporter to repeat it.
15     THE WITNESS: Can you repeat it, please?
16     MR. SCHWARTZ: Please.
17     (The previous question was read back by
18 the court reporter.)
19     THE WITNESS: There was always a Weinberg
20 piece that was the nondilutable piece, and then
21 there was always a dilutable piece of the company.
22 The dilutable piece of the company was always
23 intended for the manager of the company, who it
24 was always intended to go to raise funds and go to
25 the person who was operating the business. Those

Page 152

1 shares of the dilutable piece ended up in Trellis
2 Holdings Maryland.
3 Q Okay. But the operating agreement says
4 that the way Trellis Holdings -- strike that.
5     First of all, do you understand that when
6 the operating agreement -- well, strike that.
7     Did you sign the Trellis Hold- -- strike
8 that.
9     Did you sign the Doctors Orders Maryland
10 Second Amended and Restated Operating Agreement?
11 A If you have a copy, I would be happy to
12 look at it.
13 Q Sure. Exhibit 30. In there (indicating).
14 A Exhibit 30.
15 Q It's the big thick one. I'll help you.
16 A I'll get to it.
17 Q I got it.
18     (Documents passed.)
19 A Thank you.
20     Yes, I signed this document.
21 Q Okay. Now, you would agree that the
22 Second Amended and Restated Operating Agreement
23 that you signed says that DO Maryland OP assigned
24 certain Class A membership interest to an entity
25 owned by you, right?