IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 18-cv-03016-RBJ-NYW

DAVID BARTCH,

     Plaintiff,

v.

MACKIE A. BARCH and
TRELLIS HOLDINGS MARYLAND, INC.,

     Defendants.

---

## ORDER on PENDING MOTIONS

---

Plaintiff moves to amend the complaint to add a claim for fraudulent transfer. Defendants move for a transfer of venue to the United States District Court for the District of Maryland. The motions have been briefed. Both motions are denied.

## BACKGROUND

This case arises from plaintiff's transfer of his interest in a medical marijuana business, Doctors Orders Maryland ("DOMD"), to defendant Trellis Holdings Maryland Inc. ("Trellis"). Trellis was owned by defendant Mackie Barch. Allegedly, this was a temporary transfer, and Barch agreed to return plaintiff's interest once plaintiff completed certain conditions of a deferred judgment in a criminal case. Plaintiff claims that when the time came, defendant refused to transfer plaintiff's interest back to him. He filed this lawsuit in this court on November 23, 2018, asserting seven claims: (1) for a declaratory judgment that Trellis legally

1

holds and is obligated to transfer 50% of its Class A member interest in DOMD to plaintiff; (2) civil theft; (3) conversion; (4) constructive trust; (5) breach of contract (specific performance); (6) breach of contract (damages); and (7) unjust enrichment.  ECF No. 1.

The case was originally assigned randomly to United States Magistrate Judge Nina Y. Wang.  Consent to the magistrate judge's jurisdiction was not provided, and the case was reassigned to Senior Judge Robert E. Blackburn.  He returned the case, and it was assigned to then Chief Judge Marcia S. Krieger.  She in turn referred the case to Magistrate Judge Wang for certain purposes, including holding an initial scheduling conference.  Judge Wang issued a Scheduling Order on February 6, 2019.  ECF No. 35.  On May 22, 2019, by then Senior Judge Krieger denied defendants' motion to dismiss for lack of personal jurisdiction and improper venue.  ECF No 47.  On November 30, 2020 Senior Judge Krieger denied defendants' motion for summary judgment.  ECF No. 104.

On May 13, 2021 Judge Krieger issued an order stating that the time for filing dispositive motions had passed, and that the parties should begin preparation of a pretrial order.  ECF No. 112.  On May 21, 2021 Judge Krieger issued the following order: "It appearing that this case is ready for trial, and due to the undersigned's unavailability to preside over trial . . . the Clerk of the Court shall reassign this case to another judge to preside over trial . . . ."  ECF No. 113.  The case was reassigned to me.  On June 15, 20121, I held a telephonic hearing regarding a discovery dispute.  *See* ECF No. 117.  During that hearing I also set the case for a nine-day jury trial beginning on July 11, 2022 with a trial preparation conference on June 23, 2021.  *Id.* and ECF No. 118.

**FINDINGS AND CONCLUSIONS**

A. **Motion to Amend**.

The Scheduling Order set a deadline of March 22, 2019 to amend pleadings, with the exception of a possible motion to add a prayer for punitive damages, which would be due 60 days before the end of discovery.  ECF No. 35 at 8, ¶9(a).  The Scheduling Order further provides that it can be altered or amended only upon a showing of good cause.  *Id.* at 35, ¶13.

Plaintiff states that in May 2021 he learned through a public records request that in January 2021 the Maryland Cannabis Commission had approved a request "for the proposed transfer of ownership from Trellis ... to the Barch Family Enterprise Trust and the Barch Family Resource Trust."  ECF No. 124 at 4.  That caused plaintiff to suspect that Barch had fraudulently transferred his interests in DOMD, held by Trellis, to protect Barch and his asserts from a judgment in this case, especially because the transfer occurred shortly after Senior Judge Krieger denied defendants' motion for summary judgment.  *Id.*  Plaintiff requested and obtained authority during a hearing on June 15, 2021 to subpoena records from Colta LLC and certain family trusts and to take Barch's deposition limited to the fraudulent transfer allegation.  *See* ECF No. 117 (Minute Order).  Plaintiff obtained the documents on November 9, 2021; and he took Barch's deposition on November 16, 2021.  ECF No. 124 at 5.

Plaintiff claims that the discovery obtained in November 2021 showed that Barch had transferred 99% of his ownership of Trellis (though which Barch held his interest in DOMD) to the trusts, while retaining 100% of Tellis's voting power thus retaining control over his DOMD ownership interest.  *Id.* at 6.  Barch appointed himself as Trustee of the Enterprises Trust and

named his wife and brother as Trustees of the Resources Trust.  *Id.*  These actions, according to plaintiff, are "badges of fraud" that could support a finding of a fraudulent transfer under applicable law.  Indeed, says plaintiff, the transfers were of substantially all of Barch's assets, rendering him insolvent.  *Id.*  He claims that Barch did not receive reasonably equivalent value in exchange for the transfers of his ownership interest in DOMD.  *Id.* at 7.

The pending motion to amend was filed on December 17, 2021.  His proposed amended complaint would add the trusts, Barch's wife, and Barch's brother as defendants; add allegations related to the allegedly fraudulent transfer activity and regarding jurisdiction as to the new defendants; and add an Eighth Claim sounding in fraudulent transfer.  ECF No. 124-2.  In support of his motion to amend, plaintiff cites the familiar provision of Rule 15(a)(2) requiring courts freely to amend pleadings when justice so requires.  Here, he claims, Barch's actions, that he did not fully appreciate until November 2021, provide cause to amend.  He adds that including the fraudulent transfer claim in this case rather than requiring a second lawsuit would promote judicial economy, especially since the same facts will be raised at this trial anyway.  *Id.* at 8.

In response defendants note that the motion to amend comes well after the parties completed discovery and the dispositive motion process and was deemed "ready for trial" by Senior Judge Krieger.  They claim that the trusts not subject to suit, and that the wife and brother are not subject to personal jurisdiction in this Court.  ECF No. 128 at 2.  They claim that the Uniform Fraudulent Conveyance Act is not a vehicle for plaintiff to recover his property.  Moreover, the proposed amendment would require that fact and expert discovery be reopened; that additional experts would be retained; and the new parties and issues would add "complexity,

confusion, and length" to the trial.  *Id.* at 2-3.  Defendants also argue that plaintiff can obtain all the relief he is entitled to if he proves that he owns property that defendants hold without adding a fraudulent transfer claim.  *Id.* at 3.

I accept that plaintiff did not know about the transfers until May 2021, and that he did not know details concerning the transfers until November 2021.  He moved to amend his complaint approximately one month after he took Barch's deposition.  There is no indication that plaintiff has not been diligent investigating and pursuing his new theories and defendants.

However, I do not agree that adding these claims and parties at this stage of the case is warranted by judicial economy or otherwise.  The case is quite old.  Discovery was completed.  Dispositive motions were filed and resolved.  The case was deemed ready for trial, and this Court allocated a two-week block on its docket for the trial.  The liability and damages issues addressed in the original complaint can be addressed and decided at the trial.  If plaintiff prevails, and if he then is unable to satisfy his judgment due to the allegedly fraudulent transfers, then he can pursue a fraudulent transfer action with the issues limited to the transfers and the parties to the transfers.  If plaintiff does not prevail on his claims, then the transfers presumably would be irrelevant.

I agree that there is something to be said for resolving all issues and potential issues between these gentlemen in one proceeding.  But the proposed amendments will require resolution of jurisdictional and venue issues that will be raised by the new parties; and the right of the new parties to obtain discovery; and the right of the new parties to engage in motion practice; and, almost inevitably, the continuance of the trial.  The Court has reserved a two-week block for this case, and given its current docket, it is unlikely that it could find a similar block

this year without setting the case over other cases whose parties are awaiting their trials.  In the circumstances, I cannot find that good cause has been shown to allow the proposed amendment.

**B.  <u>Motion to Transfer Venue</u>.**

Defendant seeks a transfer of venue to the District of Maryland pursuant to 28 U.S.C. § 1404(a).  Under this section, even though venue in this district is proper, the Court may in its discretion transfer the case "[f]or the convenience of parties and witnesses" to another district where it might have been brought.  If venue in this district were improper, that is, filed in the wrong district, then the case would be transferred to a proper district under 28 U.S.C. § 1406(a).

Contrary to defendants' motion, Senior Judge Krieger did address the propriety of venue in this district.  On December 21, 2018, defendants filed a motion to dismiss under both Rule 12(b)(2) (lack of personal jurisdiction) and 12(b)(3) (improper venue).  ECF No. 10.  In their brief defendants argued that venue was improper because plaintiff had not shown that "a substantial part of the events or omissions giving rise to the claim" occurred in this district.  ECF No. 11 at 10.  In response plaintiff argued, and showed, that a substantial part of the events or omissions giving rise to his claims did occur in this district.  ECF No. 11 at 15-17.  Senior Judge Krieger expressly noted defendants' "improper venue" argument in her order denying defendants' motion.  *Id.* at 7.  She indicated that she must therefore examine the nature of plaintiff's claims and acts underlying those claims, and whether substantial events material to those claims occurred in this district.  *Id.*  She then found that "a substantial part of the events giving rise to the Plaintiff's claims occurred in Colorado," *id.,* and referred back to her discussion of those events in the earlier portion of her order addressing personal jurisdiction.  *Id.* at 7-8.  She denied defendants' motion in its entirety.  She left the jurisdictional door slightly

open by indicating that she was finding that plaintiff had made a prima facie showing of personal jurisdiction, plaintiff would have to present sufficient evidence at trial to confirm personal jurisdiction. *Id.* at 4, 9.

The events on which Senior Judge Krieger relied in finding venue in this district to be proper were that plaintiff's original entity, Doctors Orders Group LLC, was based in Colorado. Barch was hired by Doctors Orders Group LLC and frequently traveled to the Group's Colorado offices. Plaintiff was a Colorado resident. Construing the complaint in plaintiff's favor, "the Defendant executed a contract with a Colorado resident, formed in part in Colorado, that called for him to deliver property to Plaintiff in Colorado, the nondelivery of which causes the Plaintiff injury in Colorado." ECF No. 47 at 6.

In the present motion, defendants point out that in his motion to amend plaintiff states that he is now a resident and citizen of Puerto Rico. ECF No. 125 at 2. They do not explain how that fact makes trial of the case more convenient in Maryland rather in Colorado. Defendants note that the new parties proposed in plaintiffs' motion to amend are Maryland-based. But the Court is denying the motion to amend. Defendants state that depositions have been taken of two Maryland residents (lawyer Brian Flank and investor Tyler Weinberg), but they also acknowledge that a deposition has also been taken of a Colorado witness, Brian Vicente. In any event, if, as defendants state, the two Maryland residents are unwilling to travel to Colorado, In their reply brief defendants state that plaintiff's three witnesses are plaintiff, Barch, and a Texas-based expert. But defendants don't suggest that Maryland would be more convenient for the Texan than Colorado, and in any event, that is plaintiff's concern, not defendants.' If any party wishes to call either of the two Maryland-based witnesses, but the witnesses are unwilling to

travel, defendants have two options: using their depositions in lieu of live testimony; or calling them remotely via video teleconference, which has been a common occurrence during the pandemic that this Court will allow.

In their reply brief, besides largely repeating the same arguments, defendants state that plaintiff has listed three witnesses – himself, Barch, and a Texas-based expert. Setting aside that Colorado is presumably no more inconvenient for the Texan than Maryland, that is the plaintiff's issue, not the defendants.' The parties have prepared at least since Senior Judge Krieger's order of May 22, 2019 to try this case in Colorado. If it were transferred to Maryland now, that court would have to get up to speed and find a place for the trial on its docket. The new trial date would be inconvenient at least to plaintiff and to anyone else affected by these gentlemen's squabbles who has an interest in having the issues addressed and resolved now. The Court will not grant a discretionary transfer of venue under 28 U.S.C. § 1404(a).

### ORDER

1. Plaintiff's motion to amend, ECF No. 125, is DENIED.

2. Defendants' motion to transfer venue, ECF No. 126, is DENIED.

DATED this 1st day of February, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge