IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 18-cv-03016-RBJ-NYW

DAVID BARTCH,

      Plaintiff,

v.

MACKIE A. BARCH and
TRELLIS HOLDINGS MARYLAND, INC.,

      Defendants.

---

## ORDER

      This matter is before the Court on plaintiff's motion to exclude opinions of four expert witnesses identified by defendants.  ECF No. 140.  For the following reasons, that motion is granted in part and denied in part.

## I.    DISCUSSION

      This case arises from plaintiff's transfer of his interest in a medical marijuana business, Doctors Orders Maryland ("DOMD"), to defendant Trellis Holdings Maryland Inc. ("Trellis"). The background for this case has been described elsewhere, most recently in my Order Denying In-Part Defendants' Motion for Judgment on the Pleadings.

      Defendants identified four witnesses, all lawyers, from which they wish to elicit expert testimony at trial.  ECF No. 140-1.  Two of the lawyer/experts, Messrs. Havens and Pagliuca, submitted expert reports in accordance with Fed. R. Civ. P. 26(a)(2)(B).  The other two experts, Mr. Flank and Mr. Vicente, were involved in the various transactions that are the subject of this dispute and, as unretained experts, the subject of their expert testimony is contained in their

deposition testimony, not in expert reports.  *See* Fed. R. Civ. P 26(a)(2)(C).  Plaintiff moved to exclude testimony of all four experts.  ECF No. 140.  Defendants agreed not to call Mr. Pagliuca, so this order considers plaintiff's arguments for excluding the other three experts.

### A.  <u>Mr. Havens</u>

Mr. Havens was disclosed as an expert witness and submitted an expert report as required by Fed. R. Civ. P. 26(a)(2)(B).  *See* ECF No. 143-2 (Havens Expert Report).  The report contains five opinions.  Plaintiff argues that each of these opinions impermissibly states legal conclusions. He argues that, alternatively, the opinions are inadmissible because they are irrelevant.  ECF No. 140.

"[I]t is axiomatic that the judge is the sole arbiter of the law and its applicability."  *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) (en banc).  An expert witness may not provide testimony that "define[s] the legal parameters within which the jury must exercise its fact-finding function."  *Id.* at 809–10.  An expert witness is, however, permitted to help a factfinder understand the facts by couching his or her opinion in legal terms.  For example, an expert may articulate industry standards, including standards defined by statutes, and opine on whether a party's conduct conformed with those standards.  *Masters v. Safeco Ins. Co. of Am.*, No. 20-CV-00631-PAB-NRN, 2021 WL 4317112, at *3 (D. Colo. Sept. 23, 2021) (unpublished).  But it would be a bridge too far for an expert to "apply legal standards from caselaw or statutes to state an opinion that defendant's conduct actually violated or complied with caselaw or statutes."  *Id*.

Mr. Havens' opinions are not clearly delineated.  Each opinion consists of a few paragraphs in which he makes multiple claims that could be considered an expert opinion.  For example, in the section titled "Opinion 1" Mr. Havens opines on (1) the Maryland Medical Cannabis Commission's investigation procedures; (2) the Commission's authority under Maryland law; and (3) the purposes of Maryland's regulatory scheme.  *See* ECF No. 140-2 at pp.

2

6–7 ("[T]he Commission investigates ownership down to the human being level," *id.* at p. 6; "Pursuant to [Maryland law], the Commission may deny an application that contains a misstatement," *id.*; "A principal purpose of the regulation's ownership disclosure requirements is to ensure that owners of medical cannabis companies in Maryland meet the requirements of having good moral character," *id.*). The expert report's imprecision makes it difficult for me to accept or exclude his opinions wholesale. Returning to "Opinion 1," I find that the first statement, about the Commission's investigation procedures, is proper expert testimony and will assist the Court in adjudicating the parties' dispute. The second and third statements are improper legal conclusions.

I decline to exclude Mr. Havens' expert opinions at this stage. But I admonish defendants to avoid eliciting legal conclusions from Mr. Havens at trial. I will sustain objections to improper testimony, but I also expect counsel not to try to evade the letter or spirit of this order. Testimony I will exclude at trial will include statements about whether plaintiff had a legal interest, whether any interest would have been illegal, and what legal obligations, including disclosure obligations, plaintiff would have been under. I will permit predictions about the Commission's likely response to applications differing from the application actually submitted.

My approach to Mr. Havens' opinions is not inconsistent with Tenth Circuit and District of Colorado caselaw. The leading precedents preserve the special relationship between the jury and the court — as the finder of fact, the jury needs a neutral and authoritative articulation of relevant law. The court must fulfill that role. *See Specht*, 853 F.2d at 809–10 ("[A]n expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which *the jury* must exercise its fact-finding function.") (emphasis added); *id.* at 810 ("[W]hen the purpose of testimony is to direct *the jury's* understanding of the legal standards

upon which their verdict must be based, the testimony cannot be allowed.") (emphasis added); *accord Masters*, 2021 WL 4317112, at *3. But bench trials alleviate concerns about the factfinder's being confused by the parties' legal conclusions. The Court will serve as both factfinder and legal arbiter for this dispute. In its factfinding capacity, the Court will rely on its own legal conclusions. Mr. Havens' legal conclusions are inadmissible and, if he tries to present them at trial, it will do nothing but waste time and try the Court's patience. But they will not direct the Court's understanding of applicable legal standards and will not affect the case's outcome.

Plaintiff also contends that the Mr. Havens' opinions are irrelevant. Plaintiff says that he seeks to enforce only his alleged oral agreement to have defendants transfer him half of Trellis' ownership stake. Therefore, argues plaintiff, it is irrelevant whether plaintiff's other agreements (i.e. his initial agreement to transfer his holdings to his friends, who eventually transferred them to Trellis and defendant Barch) were illegal or meant to conceal his ownership from the Commission or the Colorado court. I disagree. Plaintiff's initial deals to transfer his ownership could shed light on plaintiff's understanding of the interest that he held in the company. Whether the initial deals were illegal may be relevant to whether defendant Barch ever believed he owed plaintiff part of the company. I reserve my final decisions on relevance for trial.

**B. Mr. Flank & Mr. Vicente**

Mr. Flank and Mr. Vicente are licensed attorneys who were involved in some of the transactions giving rise to this lawsuit. Both were deposed as fact witnesses. Defendants disclosed these experts' opinions via citations to their deposition testimony. Defendants cited specific lines of testimony and also disclosed that Messrs. Flank and Vicente "may also testify as to any other opinions set forth and testified to in [their] deposition[s]." ECF No. 140-1 p. 5; *accord id.* at p. 7. Plaintiff argues that expert testimony should be limited to what was disclosed

in the page-and-line citations, and that such disclosed testimony consists entirely of impermissible legal conclusions.

As a preliminary matter, defendants' catch-all disclosures will not fly. Rule 26(a)(2)(C) requires a party "summarize the factual basis" of a non-retained expert's opinions and provide "specifics" supporting those opinions. *Vanderlaan v. Ameriprise Auto & Home Ins.*, No. 20-CV-00191-PAB-STV, 2021 WL 4441518, at \*2 (D. Colo. Sept. 28, 2021) (unpublished). Stating that Messrs. Flank and Vicente will testify to "any other opinions" from their depositions falls short of the disclosure requirements. Mr. Flank and Mr. Vicente are thus limited to the contents of the expert opinions specifically disclosed by defendants.

Some of the disclosed testimony is proper. Mr. Flank may testify about the corporate structure of various entities while he was corporate counsel. He may not testify that "it would be illegal" for somebody to hold a beneficial interest in property for a specific reason. ECF No. 140-1 at p. 5. Mr. Vicente may testify regarding DOMD's application process. He may not testify "that it would be 'illegal' for plaintiff to conceal an ownership interest." *Id.* at p. 6.

## II.   ORDER

For the foregoing reasons, defendants' motion to exclude expert opinions (ECF No. 140) is granted in part and denied in part..

DATED this 18th day of May, 2022.

BY THE COURT:

_____

R. Brooke Jackson
Senior United States District Judge