IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03016-RBJ-MDB

DAVID JOSHUA BARTCH,

    Plaintiff,

v.

MACKIE A. BARCH and
TRELLIS HOLDINGS MARYLAND, INC.

    Defendants.

---

**PLAINTIFF'S MOTION TO AMEND THE JUDGMENT TO INCLUDE PREJUDGMENT AND POST-JUDGMENT INTEREST**

---

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff David Joshua Bartch respectfully moves the Court for an order altering or amending its September 7, 2022 judgment to include prejudgment interest as provided by Colorado law and to clarify that post-judgment interest will run at the federal rate from the date of judgment. In support, Plaintiff states as follows:

    1.    **Certificate of Conferral**: Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with counsel for Defendants regarding this motion. Defendants oppose the relief requested.

    2.    Following a bench trial that took place July 11-14, 2022, the Court issued Findings of Fact and Conclusions of Law in which the Court found in favor of Plaintiff on his claim for breach of contract and awarded $6.4 million in damages. ECF No. 175. The Clerk of the Court entered judgment in that amount on September 7, 2022. *See* ECF No. 176.

1

3. A motion pursuant to Rule 59(e) to alter or amend the judgment is the proper procedure for seeking an award of prejudgment and post-judgment interest not otherwise awarded by the Court. *See Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Cont'l Ins. CO.*, 891 F.2d 772, 780 (10th Cir. 1989); *Mcwhinney Holding Co., LLLP v. Poag*, No. 17-cv-02853-RBJ, 2021 WL 3032751, at *2 (D. Colo. July 19, 2021) (amending judgment to include pre- and post-judgment interest); *CGC Holding Co., LLC v. Hutchens*, No. 11-cv-01012-RBJ-KLM, 2017 WL 1152433, at *7, *10 (D. Colo. Dec. 18, 2017) (same).

4. It is "well-established that a federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest." *AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir. 2009) (quotation and alterations omitted). Under Colorado law, a plaintiff may elect a statutory rate of "eight percent per annum compounded annually for moneys or the value of all property after they are wrongfully withheld…to the date judgment is entered." C.R.S. § 5-12-102(1)(b).

5. Section 5-12-102 operates "in a mandatory fashion," *Pers. Dep't, Inc. v. Pro Staff Leasing Corp.*, 297 F. App'x 773, 789-90 (10th Cir. 2008) (citations omitted), and "is to be given a broad liberal construction in order to effectuate the legislative purpose of compensating parties for the loss of money or property to which they are entitled." *Westfield Dev. Co. v. Rifle Inv. Assocs.*, 786 P.2d 1112, 1122 (Colo. 1990).

6. As this Court has recognized, "[a] plaintiff's money or property is 'wrongfully withheld' at the time when 'the damages, if then paid, would make the plaintiff whole. This point in time may be some time after the plaintiff's injury occurred. Thus, the prejudgment interest accrual date depends on the measure of damages insofar as different measures of damages may quantify the plaintiff's injury as of different dates." *Niman v. GPS USA,*

*Inc.*, No. 13-cv-02725-RBJ, 2015 WL 1898244, at *1 (D. Colo. Apr. 27, 2015) (quoting *Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 835 (Colo. 2008)) (internal quotation marks omitted).

7.	In this case, the evidence showed that the breach occurred no later than December 2017. *See* Trial Exhibit 19. In calculating the value of Culta, LLC ("Culta") for purposes of awarding damages, however, the Court found it "fair, reasonable, and supported by the evidence" to award damages based on "the face value of the promissory notes [Defendant Mackie Barch] received in exchange for his shares of Culta" in a transaction in which Mr. Barch exchanged the bulk of his 30.784% ownership of Culta for two promissory notes with a face value of approximately $12.8 million. *See* ECF No. 175 at 9-11.

8.	According to the exhibits admitted at trial and uncontroverted testimony, the transaction on which the Court based its valuation of Culta – the valuation Defendant Barch himself used in transactions in which he transferred his Culta shares to two family trusts – took place on February 5, 2021. *See* Ex. 1 (Trial Exhibit 88, Stock Purchase Agreement dated February 5, 2021, transferring 495 shares of Culta in exchange for a promissory note); Ex. 2 (Trial Exhibit 89, a Promissory Note dated February 5, 2021, given to Defendant Barch as purported consideration for the transfer of approximately half his Culta shares). Thus, even though Plaintiff has been deprived of his property for more than four years, the Court's award already accounts for an increase in value of the property at issue from the date of breach to February 5, 2021.

9.	For these reasons, February 5, 2021 is "the time when the damages, if then paid, would make the plaintiff whole." *Niman* 2015 WL 1898244, at *1; *Goodyear Tire &*

*Rubber Co.*, 193 P.3d at 827 (noting that the date of accrual for prejudgment interest is the date at which damages are measured).

10. Computing prejudgment interest in accordance with the Colorado statute beginning on February 5, 2021 yields the following:

<u>Year 1 Interest</u> (February 5, 2021 – February 4, 2022): $512,000

$6,400,000 X 0.08 = $512,000

<u>Year 2 Interest</u> (February 5, 2022 – September 7, 2022): $325,716.16

($6,912,000 X 0.08) X (215/365) = $325,716.16.[1]

**Total Interest: $837,716.16**

($512,000 + $325,716.16)

**Total Amount of Amended Judgment**: **$7,237,716.16**

($6,400,000 + $837,716.16)

11. Plaintiff also requests that the judgment clarify Defendants' obligation to pay post-judgment interest. As with prejudgment interest under Colorado law, "[p]ostjudgment interest from the entry of the district court's judgment is mandatory." *Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 103 F.3d 80, 81 (10th Cir. 1996). In a diversity action, "the post-judgment rate is set by federal law." *Youngs v. Am. Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008).

---

[1] This figure is calculated by (1) adding the interest that accrued in year 1 to the principal of the judgment so that the interest compounds; (2) multiplying the new balance of $6,912,000 by the 8% statutory interest rate; and (3) prorating the resulting interest figure over the 215 days between February 5, 2022 and September 7, 2022, the date of judgment. Alternatively, the same result is reached by calculating the annual interest for year 2 - $552,960, dividing that figure by 365 to obtain a daily rate of accrual, and multiplying that figure by 215 to account for the time between February 5 and September 7, 2022.

12. The federal rate of post-judgment interest is "equal to the weekly average 1-year constant maturity Treasury yield … for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). For the week ending September 2, 2022 (the week preceding the judgment), the post-judgment interest rate was 3.48%.[2] That figure is then "computed daily to the date of payment" and is "compounded annually." 28 U.S.C. § 1961(b).

13. Post-judgment interest accrues on "the entire award granted by the district court" including any "award of prejudgment interest." *Bancamerica Commercial Corp.* 103 F.3d at 82. Accordingly, Plaintiff requests that the Court order that post-judgment interest accrue at a rate 3.48% of the total judgment of $7,237,716.16, and compound annually until the date the judgment is paid.[3]

14. For the foregoing reasons, Plaintiff respectfully requests that the Court amend its judgment to award Plaintiff $837,716.16 in prejudgment interest and to clarify that post-judgment interest shall accrue at a rate of 3.48% compounding annually, beginning on September 8, 2022 and continuing until Defendants pay the Court's judgment.

September 14, 2022

---

[2] *See* United States Bankruptcy Court for the Southern District of California, Post-Judgment Interest Rates – 2022, *available at* https://www.casb.uscourts.gov/post-judgment-interest-rates-2022; *see also* Federal Reserve Bank of St. Louis, Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Quoted on an Investment Basis (WGS1YR), *available at* https://fred.stlouisfed.org/series/WGS1YR.

[3] Pursuant to Section 1961(b)'s direction that post-judgment interest be computed daily and compounded annually, this results in an initial daily interest rate of $690.06. If Defendants do not pay the judgment within a year, the daily rate of post-judgment interest should increase each September 8 to reflect the statutory compounding until the judgment is paid. *See* 28 U.S.C. § 1961(b).

*s/Jonathan A. Helfgott*
Jonathan A. Helfgott
LAHTI HELFGOTT LLC
1624 Market Street, Suite 202
Denver, CO 80202
(303) 376-6160
jhelfgott@lhlitigation.com

Paul H. Schwartz
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, Colorado 80302
(303) 530-3452
pschwartz@sgslitigation.com

*Attorneys for Plaintiff David Joshua Bartch*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, I filed and served the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification via email to all counsel of record.

/s/ *Jonathan A. Helfgott*
