IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:18-cv-03016-RBJ-MDB

DAVID JOSHUA BARCH

     Plaintiff,

v.

MACKIE A. BARCH and
TRELLIS HOLDINGS MARYLAND, INC.

     Defendants.

---

ORDER ON MOTION TO AMEND JUDGMENT

---

This matter is before the Court on plaintiff's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  *See* ECF No. 177.  Plaintiff's motion is GRANTED IN PART and DENIED IN PART.  It is granted to the extent that post-judgment interest is awarded in accordance with 28 U.S.C. § 1961.  It is denied as to prejudgment interest.

**FACTS**

A bench trial in this case was conducted July 11-14, 2022.  The Court then issued Findings of Fact and Conclusions of Law, finding in favor of plaintiff on his claim for breach of contract and awarding 6.4 million dollars in compensatory damages.  *See* ECF No. 175.  A judgment in that amount, plus reasonable costs, was entered on September 7, 2022.  *See* ECF No. 175.  The parties now dispute whether an additional award of prejudgment interest is appropriate.

1

*See*, *generally*, ECF Nos. 177, 180.  There appears to be no dispute that post-judgment interest is accruing under the formula set out in 28 U.S.C. § 1961.

## APPLICABLE RULES

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend the judgment, provided that the motion is "filed no later than 28 days after the entry of the judgment."  The motion here to amend the judgment was filed 7 days after the judgment was entered, so it is permissible under Rule 59(e).

Plaintiff's motion to amend the judgment requests that the court determine and impose pre- and post-judgment interest.  *See* ECF No. 177 at 4.  In a federal action under diversity jurisdiction, prejudgment interest is determined by state law and post-judgment interest is determined by federal law—specifically, by 28 U.S.C. § 1961.  *See Youngs v. American Nutrition, Inc.*, 537 F.3d 1135, 1146 (10th Cir. 2008); *see also Advanced Optics Elect., Inc. v. Robins*, 769 F. Supp 2d 1285, 1306 (D. N.M. 2010) ("In a diversity action, post-judgment interest is calculated in accord with the formula set out in 28 U.S.C. § 1961(a)," while "the pre-judgment interest rate is set by state law.").

## ANALYSIS

### I.   PREJUDGMENT INTEREST.

In diversity actions, the Court must apply the choice-of-law rules of the forum state, because those rules are substantive law.  *See Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009).  Colorado's choice-of-law rules generally require applying the law that contracting parties selected to govern their relations "unless there is no reasonable basis for their choice or unless applying the law of the state so chosen would be contrary to the fundamental policy of a state whose law would otherwise govern." *Brown v. Fryer*, 2013 WL

1191405 at *2 (D. Colo. Mar. 22, 2013) (citing *Hansen v. GAB Bus. Servs., Inc.*, 876 P.2d 112, 113 (Colo. App. 1994).

  Here, it is unclear from an initial impression whether the parties intended the oral contract that was the subject of the breach of contract claim to be governed by Colorado law or Maryland law. The February 2021 agreement in which Mackie Barch transferred his Culta shares to two family trusts was explicitly governed by Maryland law. *See* ECF No. 177-1 at 3. This fact might be read as an indicator of intent—at least on Mackie's part—that the recent prior oral agreement between Mackie and plaintiff for the sale and purchase of the same shares would likewise be governed by Maryland law. *See*, *e.g.*, *Sys. Material Handling Co. v. Greenstein*, 84 F. Supp. 2d 1203, 1214 (D. Kan. 2000) (citing *Bradley v. Dean Witter Realty, Inc.*, 967 F. Supp. 19, 24 (D. Mass. 1997) (considering the choice-of-law provision in an earlier contract as evidence of the parties' intent to use that state's law in a subsequent separate oral contract). This argument would be colorable if not entirely persuasive.

  However, the parties in their briefs on this motion seem to assume and acknowledge that Colorado substantive law governs the award of prejudgment interest on this claim. *See*, *e.g.*, ECF No. 177 at 2 (plaintiff arguing that "under Colorado law, a plaintiff may elect a statutory [prejudgment interest] rate of 8 percent…"); *see also* ECF No. 180 at 2-3 (defendants citing *Seaward Constr. Co. Inc. v. Bradley*, 817 P. 2d 971, 975 (Colo. 1991), and *Goodyear Tire & Rubber Co. v. Holmes*, 193 P. 3d 821, 827 (Colo. 2008), as controlling authority for the time at which prejudgment interest here began to accrue and the purpose of the award). Therefore, I proceed with the understanding that the parties agree that prejudgment interest is here determined by Colorado law. *See Berry*, 586 F.3d at 808.

3

Likewise, there seems to be no dispute that the applicable statute is C.R.S. § 5–12–102(1)(b). The statute provides that "[i]nterest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld…to the date judgment is entered." Plaintiff asserts that § 5–12–102(1)(b) "operates in a mandatory fashion." *See* ECF No. 177 at 2 (citing *Pers. Dep't, Inc. v. Pro Staff Leasing Corp.*, 297 F. App'x 773, 789-90 (10th Cir. 2008) (unpublished)). This contention is somewhat misleading. Although it is true that "divisions of [the state] court have treated such an award as mandatory rather than discretionary," *Safeco Ins. Co. v. Westport Ins. Corp.*, 214 P.3d 1078, 1080-81 (Colo. App. 2009), the Tenth Circuit has repeatedly indicated that the federal trial courts retain discretion over whether to award prejudgment interest, even when sitting in diversity and applying state law. *See AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir. 2009); *U.S. Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1255 & n.43 (10th Cir. 1988).

Similarly, courts routinely refer to the award of statutory prejudgment interest in permissive rather than mandatory terms. *See, e.g.*, *Herod v. Colorado Farm Bureau Mut. Ins. Co.*, 928 P.2d 834 (Colo. App. 1996) (discussing an award of prejudgment interest under a different provision of the same statute, § 5–12–102(1), and noting that "[w]hen insurer improperly denies claim, prejudgment interest is *permitted* on amount of compensatory damages reflecting [the wrongfully withheld] benefit") (emphasis added); *see also Wood v. Hazelet*, 237 P. 151, 152 (Colo. 1925) (describing that "where [the] entitlement and the amount of prejudgment interest [are] clearly ascertainable from the verdict or from uncontroverted facts, the court itself *may* compute and add the interest to the verdict") (emphasis added). And courts retain discretion to adjust the amount of prejudgment interest to account for uncertainty regarding the true value of the property withheld or other equitable factors. *See, e.g.*, *Buckley*

*Powder Co. v. State*, 70 P.3d 547, 564 (Colo. App. 2002) (holding that the trial court did not abuse its discretion in partially denying statutory prejudgment interest, given "disputes concerning [the] statistical damages methodology" and the special master's estimates of the damages).

In any event, that distinction is not dispositive, because even if § 5–12–102(1)(b) did mandate award of prejudgment interest when its criteria are satisfied, its criteria are not satisfied here. In the context of § 5–12–102(1), a plaintiff is wronged when he sustains an injury caused by the defendant, while wrongful withholding occurs when "plaintiff's injury is measured" and damages "if then paid, would make the plaintiff whole." *See Goodyear*, 193 P.3d at 827. The wrong may or may not occur at the same time as the wrongful withholding. *See id*. Where damages are measured as of the date of injury, the date of the "wrong" is the same as the date of "wrongful withholding," and prejudgment interest begins to accrue as of that time. *Id*. If, however, the damages are measured as of some time after the date of the injury, the damages award may already account for the harm caused by the deprivation of property and thereby serve as "a functional substitute of prejudgment interest" for that subset of the total period that plaintiff was without his rightful property. *See id*. at 829.

Because prejudgment interest is awarded only to the extent necessary for compensation, it is not warranted where the judgment already accounts for the economic harm of the deprivation. *See id*. (citing *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 365 (Colo. 1989)) ("Prejudgment interest is awarded to compensate for the delay the plaintiff suffered in receiving his rightful due. If delay has been compensated by other portions of the judgment, prejudgment interest will be improper."); *see also Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 01-CV-01644-REB-CBS, 2011 WL 1134714, at *4 (D. Colo. Mar. 29, 2011) (citing *Witt v. State*

*Farm Mut. Auto. Ins. Co.*, 942 P.2d 1326, 1327 (Colo. App. 1997)) (emphasizing that "prejudgment interest is a form of compensatory damages" and therefore may not be imposed where the harm has been fully redressed).

Plaintiff here argues that because "the transaction on which the Court based its valuation" of the disputed Culta shares took place on February 5, 2021, that date represents the time at which the value of the withheld shares became "readily ascertainable" and therefore the time at which prejudgment interest began to accrue. *See* ECF No. 183 at 2. Then, plaintiff argues, an award of prejudgment interest is mandatory for the period from February 5, 2021 until the judgment was entered on September 7, 2022. *See* ECF No. 177 at 4.

This argument is flawed in several respects. First, it conflates the time at which evidence relevant to the Court's valuation became available with the time as of which the value of the property was in fact assessed and concretized in a damages award. Second, it fails to recognize that even if prejudgment interest might begin to accrue for purposes of the statutory calculation at the first date when the value of the property is "readily ascertainable," that amount of interest might be incorporated into the damages award rather than assessed as a separate award explicitly labeled "prejudgment interest."

It is true that at least some of the evidence supporting the estimate of the value of the Culta shares became available when Mackie entered the estate planning transaction on February 5, 2021. *See* ECF No. 175 at 10. However, the Order of Judgment affirms both explicitly and impliedly that its findings represent the damages required to compensate plaintiff *on the date of the judgment*, not as of some earlier date. *See*, *e.g.*, *id*. at 9 (framing the damages inquiry as asking—in the present tense—"what is the value of [plaintiff's] ownership interest?"); *see also id*. at 10 (discussing the accuracy of various estimates of the "present value" of Mackie's

ownership when explaining the ultimate decision to adopt a damages award in the range provided by those estimates).

It does not follow from the fact that the Court looked to evidence of the value of the shares in February 2021 that the Court adopted that date as a temporal perimeter on its judgment. Rather, the Court used that evidence to inform its opinion about the present value of the ownership interest as of the date of the judgment. *See id*. at 10 (noting that it would be impossible to "calculate Culta's value with perfect precision," but concluding that "a good number" falling between the flawed high and low estimates "is provided by the face value of the promissory notes" from Mackie's estate planning).

Here, plaintiff acknowledges—based on an assumption that the damages award represented the value of his ownership interest as of February 5, 2021—that the award "already accounts for an increase in the value of the property at issue from the date of the breach to February 5, 2021," making prejudgment interest inappropriate for that period. ECF No. 175 at 3. Extending plaintiff's own logic but correctly characterizing the award as representing the valuation of Culta as of the date of the judgment, it follows that the award fully compensates plaintiff. *See id*. Because an award of prejudgment interest here would be duplicative of a subset of the damages award, it would result in plaintiff recovering more than the amount required to compensate him for the breach. *Cf. Niman v. GPS USA, Inc*., 13-CV-2725-RBJ, 2015 WL 1898244, at *1–2 (D. Colo. Apr. 27, 2015) (this Court awarding prejudgment interest on a breach of contract claim for the period from the breach until the entry of judgment, because there the jury was instructed to calculate the lost value of half the partnership as of the date of the breach rather than as of the date of the judgment).

In short, the damages award already entered reflects the value of the ownership interest as of the date of judgment and therefore, under controlling caselaw and by plaintiff's own logic, fully compensates him for the value of the property wrongfully withheld. *See Goodyear*, 193 P.3d at 829; ECF No. 175 at 3. No additional compensation in the form of prejudgment interest is necessary or appropriate.

## II.     POSTJUDGMENT INTEREST.

The parties do not dispute that post-judgment interest is accruing here in an amount set out by the formula in 28 U.S.C. § 1961. *See* ECF No. 180 at 4; *see also Youngs*, 537 F.3d at 1146. Section 1961(a) provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." Section 1961(b) provides that the amount derived from the calculation above then "shall be compounded annually."

Plaintiff has identified that the applicable post-judgment interest rate here is 3.48 percent (based on the weekly average 1-year constant maturity Treasury yield from the week of August 29, 2022). *See* ECF No. 177 at 5; *see also* https://www.nasdaq.com/market-activity/fixed-income/cmtn1y/historical). Accordingly, post-judgment interest will be calculated by applying that 3.48 percent interest rate daily to the principal amount of $6,400,000 and compounding annually, beginning September 7, 2022 and ending when defendants have rendered payment in full.

## ORDER

For the reasons above, plaintiffs' motion to amend the judgment is GRANTED IN PART and DENIED IN PART. It is granted to the extent that post-judgment interest will be awarded

for the period from September 7, 2022 until the judgment is paid in full at a rate of 3.48 percent, compounded annually.  It is denied as to prejudgment interest.

DATED this 14th day of November, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge