IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03016-RBJ-MDB

DAVID JOSHUA BARTCH,

    Plaintiff,

v.

MACKIE A. BARCH and TRELLIS HOLDINGS MARYLAND, INC.

    Defendants.

**UNOPPOSED MOTION TO MAINTAIN LEVEL 1 RESTRICTION**

Plaintiff David Joshua Bartch ("Plaintiff") hereby moves for an order maintaining under Level 1 Restriction the following filings: (1) Plaintiff's Reply Brief In Support of Motion for Order Pursuant to C.R.C.P. 69(g) ("Rule 69(g) Reply"), together with the exhibits thereto, ECF 226, 226-1, and 226-2; and (2) Plaintiff's Reply in Support of Motion for Sanctions for Defendants' Spoliation of Evidence ("Sanctions Reply"), together with the exhibits thereto. ECF 228, 228-1, 228-2, and 228-3. In support, Plaintiff states as follows:

    1.    **Certificate of Conferral**: Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel conferred with counsel for Defendants regarding this motion and certifies that Defendants do not oppose the relief sought herein.

    2.    The Rule 69(g) Reply references a transfer of equity in non-party Culta, LLC ("Culta") between Defendants and another non-party and provides evidence of such transfer. *See* ECF 226 at 3; Ex. 20, ECF 226-2. Exhibit 20 to the Rule 69(g) Reply contains information that non-party Culta has designated as confidential on numerous

1

occasions because it contains non-public information about Culta's owners and their ownership stake in the company. Culta has taken the position that the public disclosure of such information is potentially damaging to the company and to its owners.

3. The Sanctions Reply and exhibits thereto reference and contain evidence of recent transactions in Culta's securities. *See* ECF 228 at 1-2, 4-5 & Exs. E, F, and G, ECF 228-1, 228-2, 228-3. Culta produced the documents evidencing the transfer, Exhibits E and F, under an agreement between counsel that all such documents would be treated as confidential. Though Defendants, who produced Exhibit G, did not label the document as confidential, *see* ECF 228-3, the document references the same confidential material – namely, transactions in Culta's securities and the identity of the transacting parties – that Culta has taken pains to protect from public disclosure.

4. To preserve Culta's interest in shielding its confidential information from public disclosure, Plaintiff thus respectfully requests that the Court maintain under Level 1 Restriction the Rule 69(g) Reply and exhibits thereto (ECF 226, 226-1, and 226-2) and the Sanctions Reply and exhibits thereto (ECF 228, 228-1, 228-2, and 228-3).

June 9, 2023

*s/Jonathan A. Helfgott*
Jonathan A. Helfgott
LAHTI HELFGOTT LLC
1624 Market Street, Suite 202
Denver, Colorado 80202
(303) 376-6160
jhelfgott@lhlitigation.com

Paul H. Schwartz
SHOEMAKER GHISELLI + SCHWARTZ LLC
1811 Pearl Street
Boulder, Colorado 80302
pschwartz@sgslitigation.com

*Attorneys for Plaintiff David Joshua Bartch*